## HOLLENBACK v. BLACKMORE ET UX.

MARRIED WOMAN.—*Interest of, in Husband's Lands sold at Sheriff's Sale.—Title relates back to Sale.—Conveyance.—Partition.*—Where mortgaged premises, sold under a decree of foreclosure, remain unredeemed, and a sheriff's deed therefor is duly executed at the expiration of the year for redemption, the title of the purchaser relates back to the date of the sheriff's sale.; and, if the mortgagor's wife was not a party to either the mortgage or foreclosure, her title to the one-third, under the act of March 11th, 1875, 1 R. S. 1876, p. 554, relates back to the same date ; and a conveyance thereof, by her and her husband, to a third person, executed subsequent to such sheriff's sale, but prior to the expiration of the year for redemption, vests title in her grantee, and entitles him to partition upon the expiration of such year.

From the Clinton Circuit Court.

*S. H. Doyal* and *P. W. Gard*, for appellant.

*J. T. Hockman, J. Claybaugh* and *B. K. Higinbotham*, for appellees.

Howk, J.—This was a suit by the appellees, against the appellant, for the partition of certain real estate in Clinton county, Indiana. In their complaint, the appellees alleged, in substance, that the said Josephine Blackmore was the owner in fee-simple of the undivided one-third part, and that the appellant was the owner in fee of the undivided two-thirds part, of said real estate; and she demanded judgment for partition, that her share of said real estate should be set off to her in severalty, and for all other proper relief. To this complaint the appellant answered by a general denial.

The issues joined were submitted to the court for trial, upon an agreed statement of facts, and a finding was made for the appellee Josephine Blackmore; and an interlocutory order of partition was made, and commissioners were appointed by the court to make such partition. Afterward, the commissioners made to the court and acknowledged their written report of the partition made by them in accordance with the order and judgment of the court. Thereupon the appellant moved the court for a new trial, which motion was overruled, and to this ruling he excepted; and final judgment of partition was rendered, confirming the report of the commissioners.

In this court, the appellant has assigned, as error, the decision of the circuit court in overruling his motion for a new trial. In this motion, the causes assigned for such new trial were, that the finding was not sustained by sufficient evidence, and that it was contrary to law. On the trial, all the evidence offered was contained in the agreed statement of facts, and was in substance as follows:

"On the 26th day of January, 1872, David Rinehart was the owner in fee of the following described real estate in Clinton county, Indiana, to wit:" (Description of same land of which partition was demanded in this suit.) "On said 26th of January, 1872, he mortgaged said real estate,

his wife, Lucinda, not joining with him, to Geo. B. Rash, to secure $700, which said Rash subsequently assigned to said Horace Hollenback.

"At the May term, 1876, of the Clinton Circuit Court, a decree of foreclosure of said mortgage was rendered in favor of said Hollenback, to which proceeding Lucinda, wife of said David Rinehart, was not a party. On regular proceedings subsequently had, in due form of law, the sheriff of Clinton county, on the 19th of August, 1876, sold said land to said Hollenback. The property was not redeemed within a year therefrom, and the sheriff executed a deed of said real estate to said Hollenback.

"On March 30th, 1877, David Rinehart and Lucinda Rinehart, his wife, deeded said land to Josephine Blackmore, the following being a description thereof in said deed:" (description.) "And that said Josephine Blackmore and her husband demanded of said Horace Hollenback the possession of one-third of said real estate, and that the same be set aside to said Josephine, as required by law."

It will be seen from the foregoing statement of facts, that the appellant became the purchaser of the lands in controversy in this action, at a sheriff's sale thereof on the 19th day of August, 1876, under an execution issued on a judgment against David Rinehart; and that the inchoate interest of Lucinda Rinehart, as the wife of said David Rinehart, in the said lands, was in no manner bound by the judgment or affected by such sale to the appellant. It further appeared from the facts agreed upon, that the lands in question were not redeemed from the sale thereof to the appellant, within the time allowed by law for such redemption; and that, some four months before the expiration of the time allowed by law for such redemption, and before the sheriff executed a deed of said real estate to the appellant, the said Lucinda Rinehart and David Rinehart,

her husband, executed a deed of said lands to the appellee Josephine Blackmore, under which she claimed, in this action, to be the owner in fee-simple of the undivided one-third part of said lands.

The point is made by the appellant's counsel, in argument, and is urged upon us with much earnestness, that, at the time the said Lucinda and David Rinehart executed said deed to the appellee Josephine Blackmore, the said Lucinda's inchoate title to and interest in said lands had not vested and become absolute under the statute, and did not pass by her deed to the grantee therein. In support of this position, the appellant's counsel rely upon the provisions of the first section of " An act vesting the inchoate interests of married women in the lands of their husbands when the title of the husband therein has been divested by certain judicial sales, providing for the possession thereof, and the descent of such vested estate, and matters connected with such sales," approved March 11th, 1875. In this first section of the statute, it is provided, " That in all cases of judicial sales of real property, in which any married woman has an inchoate interest by virtue of her marriage, where the inchoate interest is not directed by the judgment to be sold or barred by virtue of such sale, such interest shall become absolute and vest in the wife in the same manner and to the same extent as such inchoate interest of married women now become absolute upon the death of the husband, whenever, by virtue of said sale, the legal title of the husband in and to such real property shall become absolute and vested in the purchaser thereof, his heirs or assigns, subject to the provisions of this act and not otherwise." 1 R. S. 1876, p. 554.

It is claimed by the appellant's counsel, as we understand their argument, that the legal title of an execution defendant, in and to real property sold on execution, will not become absolute and vest in the purchaser

thereof, his heirs or assigns, until after the expiration of the time allowed by law for redemption, and the execution of a sheriff's deed of such property to the purchaser thereof. It seems to us, however, that when the time for redemption has elapsed, and the sheriff's deed has been executed, the legal title of the execution defendant in and to the real estate will vest in the purchaser thereof and become absolute, not as of the date of the sheriff's deed, but as of the date of the sheriff's sale thereof to such purchaser. In such cases the doctrine is, that " where there are divers acts concurrent to make a conveyance, estate or other thing, the original act shall be preferred; and to this the other acts shall have relation." *Bellows* v. *Mc-Ginnis*, 17 Ind. 64. *Ashley* v. *Eberts*, 22 Ind. 55 ; *Sumner* v. *Coleman*, 23 Ind. 91.; *Steeple* v. *Downing*, 60 Ind. 478.

In the case at bar, the legal title of David Rinehart, the husband, in and to the real estate in controversy, under the facts agreed upon, became absolute and vested in the appellant, the purchaser thereof, as of the date of this purchase, to wit, on the 19th day of August, 1876. By the express terms of the statute above quoted, the inchoate interest of Lucinda Rinehart, as the wife of the said David Rinehart, in and to such real estate, became absolute and vested in her, as of the same date, to wit, August 19th, 1876, in the same manner and to the same extent that such inchoate interest would have become absolute upon the death of her husband. This view of the question obviates the objections of the appellant's counsel to the validity and sufficiency of the deed executed by said Lucinda Rinehart and her husband, David Rinehart, to the appellee Josephine Blackmore. Under that deed, and the agreed facts relating thereto, we are of the opinion that the said Josephine Blackmore became the owner in fee-simple of the undivided one-third part of the real estate in controversy and entitled to partition as prayed for. The finding

of the court was sustained by sufficient evidence, and the appellant's motion for a new trial was correctly overruled.

The judgment is affirmed, at the appellant's costs.