### No. 8260.

### ELLIOTT v. CALE ET AL.

HUSBAND AND WIFE.—*Judicial Sale.*—*Inchoate Interest of Wife in Real Estate of Husband, Sold on Execution.*—*Partition.*—Under the act of March 11th, 1875, 1 R. S. 1876, p. 554, the inchoate interest of the wife in the real estate of the debtor, sold on execution against him, vests and becomes absolute on the day of sale, and her death immediately after the sale does not prevent it so vesting, and her husband may maintain partition as to such interest against the purchaser at the sheriff's sale.

From the Marion Superior Court.

*N. B. Taylor, F. Rand* and *E. Taylor,* for appellant.

*S. Claypool* and *W. A. Ketcham,* for appellees.

MORRIS, C.—This action was brought for the partition of real estate.

The appellant states in his complaint that he is the owner of the undivided one-third of certain real estate, situated in Marion county, Indiana, of less value than $20,000.

He further states, that on the ――― day of ―――, 1876, he was the owner in fee of the entire real estate in dispute; that the defendants had obtained divers judgments against him and others, upon which executions had been issued and levied upon said real estate, by virtue of which executions and levies the sheriff of Marion county, on the 8th day of September, 1877, sold said real estate to the defendant Cale, who purchased and held the same in trust for his co-defendants; that Cale, as such purchaser and trustee, claims to be the owner of all of said real estate as against him. It is further stated, that at the time said executions were issued and levied, and the real estate sold to the said Cale, the appellant had then living his wife, Martha Elliott, who had an inchoate interest in said real estate, which was not directed by any of said judgments to be sold or barred, and which was not sold or barred thereby, and which inchoate interest amounted to one equal third part in value of said real estate, which interest, on the day or at the time of the sale of said real estate, became absolute and vested in the said Martha Elliott, wife of the appellant, subject only to be divested by the redemption of said real estate from said sale; that the defendants knew at the time of said sale that the appellant had living a wife; that after said sale, and after one-third thereof had vested in her, to wit: on the 20th day of September, 1877, the said Martha Elliott died, leaving her husband, the appellant, surviving her, to whom her interest in said real estate descended, and that he now holds the same.

It is stated in the complaint that the sale of said real estate satisfied all the judgments against the appellant; that the real estate was not redeemed from said sale, and that the appellant had properly demanded partition of the same. It is admitted that Cale and his co-defendants own two-thirds of said real property. The appellant asked that one-third of the real estate be set off to him in severalty.

The appellees jointly and severally demurred to the complaint. The demurrers were sustained in special term, and judgment rendered in favor of the appellees. The appellant appealed to the court in general term, alleging as error the ruling of the court in special term upon the demurrer to the complaint. The judgment of the court in special term was affirmed by the court in general term. The error assigned here is the affirmance of the judgment in special term.

The question presented by the record for our decision is this : In the case of a judicial sale of real property under the act approved March 11th, 1875, 1 R. S. 1876, p. 554, in which a married woman has an inchoate interest by virtue of her marriage, not directed by the judgment to be sold or barred by virtue of such sale, at what time does her inchoate interest become absolute and vested ? does it become vested and absolute on the day of sale, or at the end of the year allowed by law for redemption ?

The question has been virtually decided by this court in the case of *Hollenback* v. *Blackmore*, 70 Ind. 234.

The court, in that case, held that under the act of 1875 the deed of the purchaser relates back to the day of sale, so that, when the conveyance is executed to him by the sheriff, he must be held, in legal contemplation, to be the absolute and vested owner of the husband's title in and to the real property sold, from the day of sale. The purchaser's title must, therefore, be held to have become absolute and vested on the day of the sale, and it must also follow, that, as the wife's title becomes absolute and vested at the time her husband's title becomes absolute and vested in the purchaser, her title also becomes absolute and vested on the day of the sale of the property. If, by relation of the purchaser's title to the day of sale, the wife's title, if living when the deed to the purchaser was made, would vest on the day of sale, her death immediately after the sale would not prevent its so vesting. If the sale is to be deemed the principal act in creating the wife's title, then the deed to the purchaser, which consummates her title,

will be referred to the same time, and she will be deemed to have had, on that day and while living, the absolute title; though dead when her title became absolute in fact, she was living when it became absolute in law. And this often happens. 3 Washburn Real Property, 304 and 305.

We think the judgment below should be reversed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be reversed, at the appellees' costs.

ELLIOTT, J., did not take any part in the decision of this case.

Opinion filed at the May term, 1881.
Petition for a rehearing overruled at the November term, 1881.