# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1882, IN THE SIXTY-SIXTH
YEAR OF THE STATE.

No. 9539.

RILEY *v.* DAVIS ET AL.

MARRIED WOMAN.—*Judicial Sale of Husband's Real Estate.—When Title Vests.—Rents.—Redemption.*—When, under section 2508, R. S. 1881, the inchoate interest of a wife to one-third of her husband's lands became vested by sale and conveyance under an execution, made in 1876, such title related back to the date of the sale, and this entitled her to one-third of the rents and profits accruing during the year allowed for redemption, for which, at that time, the execution defendant was liable if he failed to redeem.

From the Marion Circuit Court.

*H. Dailey* and *W. N. Pickerill*, for appellant.

*S. Claypool* and *W. A. Ketcham*, for appellees.

WORDEN, C. J.—Frederick A. W. Davis and others, partners under the firm name and style of The Indiana Banking Company, filed their petition in the court below, alleging the recovery of a judgment by them in the Marion Superior Court, against Benjamin F. Riley, for nearly $4,000, on the 6th of September, 1876 ; that an execution was issued upon the judgment which was levied upon certain real estate of Riley, de-

scribed, situate in Marion county, Indiana, which real estate was sold on the execution, the said Davis being the purchaser, and receiving the certificate of purchase, which he afterwards assigned to John L. Ketcham. The land not being redeemed at the expiration of the year, the sheriff made a deed to Ketcham; that the purchase was made, and the assignment of the certificate to Ketcham and the deed to him (as matter of convenience), for the benefit of the petitioners; that the sale was made April 14th, 1877; that on the 16th of May, 1877, said Riley, being insolvent, made an assignment of all his assets, including the right to redeem the real estate in question, to Horatio C. Newcomb, as trustee for the benefit of creditors; that Newcomb, as such assignee, immediately took possession of the real estate mentioned, and continued to hold the same until the expiration of the year for redemption, and received the rents of the property in the mean time, amounting to the sum of $1,800. The petitioners prayed that the rents thus received by Newcomb might be paid to them and not distributed among the general creditors of Riley. See *Davis* v. *Newcomb,* 72 Ind. 413.

Before any determination of the petition thus filed was had, the appellant herein, Elizabeth J. Riley, wife of said Benjamin F. Riley, intervened and filed her petition, alleging most of the matters stated in the original petition; that she had been the wife of said Benjamin F. for more than ten years then last past; that the property was sold on the judgment against her husband, and that she had, at the time of the sale, an inchoate right to one-third of the property, as the wife of said Benjamin F.; and she claimed one-third of the rents thus in the hands of the assignee, Mr. Newcomb, the property not having been redeemed, and the sheriff's deed having been executed.

To this intervening petition of Mrs. Riley, the original petitioners, Davis and others, filed a demurrer for want of sufficient facts, which was sustained, and she excepted, and judgment was rendered against her in favor of Davis and others.

The question involved in the case is whether, when the sheriff's deed was made for the property, whereby the title of Mrs. Riley became perfect under the provisions of the statute on the subject (R. S. 1881, section 2508), that title related back to the time of the sale, so as to entitle her to her share of the rents received by Mr. Newcomb, accruing between the time of the sale and that of the expiration of the year allowed for the redemption of the land.

The cases of *Hollenback* v. *Blackmore,* 70 Ind. 234, and *Elliott* v. *Cale,* 80 Ind. 285, furnish a conclusive answer to this question. In the case first cited, it was held that the title of the purchaser at sheriff's sale, he having received his deed at the end of year, the land not having been redeemed, relates back to the time of the sale; also that, where the wife conveyed her interest during the year allowed for redemption, the land not being redeemed at the end of the year, and the execution purchaser having received his deed, the title of the purchaser from the wife relates back to the time of the execution sale.

The second case cited holds that where the wife dies during the year allowed for redemption, the land not being redeemed at the end of the year, and the purchaser having received his deed, her title will be deemed to have been vested in her from the time of the sale, and will descend to her heirs.

We are not disposed to depart from these decisions; and they establish the right of the appellant to her share of the rents in the hands of the assignee, because they establish her title to her share of the property from the time of the sale on execution.

The demurrer to the appellant's petition should have been overruled.

The judgment below is reversed, with costs, and the cause remanded for further proceedings in accordance with this opinion.