No. 8298.

## Summit v. Ellett.

MARRIED WOMAN.—*Mortgage.*—*Judicial Sale of Husband's Lands.*— *When Inchoate Interest Vests.*—*Descent.*—*Partition.*—*Statute Construed.*—The lands of a husband were sold on foreclosure, against him, of a mortgage not signed by the wife. Before the purchaser was entitled to a sheriff's deed she died, the husband surviving. After the sheriff's deed was executed the husband sued for partition.

*Held*, that by the execution of the sheriff's deed her absolute title, under the statute of 1875, R. S. 1881, sections 2508–2511, vested by relation at the date of the sale, and upon her death descended to the husband.

From the Monroe Circuit Court.

*J. W. Buskirk* and *H. C. Duncan*, for appellant.

*J. B. Mulkey*, for appellee.

BICKNELL, C. C.—This was a suit for partition. The first paragraph of the complaint was dismissed. The second para-

| 88 | 227 |
| 126 | 218 |
| 88 | 227 |
| 135 | 664 |
| 88 | 227 |
| 141 | 404 |
| 88 | 227 |
| 146 | 50 |
| 146 | 261 |

graph averred that the plaintiff, on the 8th of February, 1877, had a wife living and owned the land in controversy; that, on said day, he, by a mortgage, in which his wife did not join, conveyed the land to the defendant; that afterwards said mortgage was foreclosed against the plaintiff only; that at the foreclosure sale, on the 10th of August, 1878, the defendant became the purchaser of the land, and has since received the sheriff's deed therefor; that before the expiration of one year after said sale, to wit, in July, 1879, the plaintiff's wife died; that she did not during her lifetime convey the land, nor has the plaintiff at any time made any conveyance of said land except said mortgage, and that the land is not of the value of $20,000.

The second paragraph of the complaint also averred that plaintiff is the owner of the undivided one-third of the land, and that defendant is the owner of the undivided two-thirds.

A demurrer to this paragraph, for want of facts sufficient, etc., was sustained, and judgment thereon was rendered in favor of the defendant. The plaintiff appealed.

The error assigned is that the court erred in sustaining the demurrer to the complaint.

The inchoate interest of a wife in the lands of her husband becomes consummate upon the death of her husband, she surviving, or upon the proper execution of a conveyance to the purchaser of her husband's lands at a judicial sale. Act of March 11th, 1875, 1 R. S. 1876, p. 554.

The appellee claims that in this case the wife's inchoate right never became consummate, because she did not survive her husband; that she died before a conveyance was made, or could be lawfully made, to the purchaser at the judicial sale; that she died before the year for redemption had expired, and that, therefore, the land belongs to the purchaser, who bought it at the judicial sale, and has the sheriff's deed for it. But the whole of the land was not sold at the judicial sale; only two-thirds of it were sold.

In the case of Taylor v. Stockwell, 66 Ind. 505, this court

said : " The wife then, as the law stood before the act of 1875, had an inchoate right to one-third of the land of which the husband was seized in fee simple at any time during the marriage, and this right became consummate upon the death of the husband, unless she had, in the meantime, joined in the conveyance thereof in due form of law. This third, in connection with the other two-thirds, might have been sold on execution against the husband, subject to the contingency of the wife's survivorship. But, by the act of 1875, this third can not be sold at all in that manner ; and, when the other two-thirds are thus sold, the hitherto inchoate right of the wife becomes at once consummate."

This construction of the act of March 11th, 1875, to wit, that sales governed thereby are sales of two-thirds only, is supported by the fourth section of said act, which is that "No real property in which any married woman holds such inchoate interest, as is provided for in this act, liable to be sold with benefit of appraisement laws of the State, shall be sold on any execution or order of sale issued out of any court, for less than four-ninths of the appraised cash value thereof, exclusive of liens and encumbrances."

Four-ninths being two-thirds of two-thirds, this seems to indicate an intention of the Legislature that in such cases two-thirds only of the land are to be regarded as sold, because if the purchaser should be regarded as buying all the land he ought to pay at least two-thirds of its appraised value. If he takes two-thirds only at the sale, then he ought to pay four-ninths of the value of the whole; that is, two-thirds of two-thirds. The wife's third not being sold, the question is, what becomes of it?

Under the language of the statute it does not become an absolute interest in her until her husband's legal title has become vested in the purchaser at the sale by the sheriff's deed. But when such title has been so vested it does not begin with the execution of the deed, but relates back to the day of sale ;

and so, where the wife's inchoate interest has become vested, her title also does not begin with the execution of the sheriff's deed, but relates back, like the purchaser's title, to the date of the purchase; therefore, in *Hollenback* v. *Blackmore*, 70 Ind. 234, it was held that where the husband's title had been vested in the purchaser as to the two-thirds, by the sheriff's deed, so that the wife's interest had also become vested and absolute as to one-third, a deed by the husband and wife for said one-third, made four months before the execution of said sheriff's deed, gave a good title to the grantee, because when the wife's interest became vested her title related back to the day of the sale.

It will be observed that in the case at bar the mortgage under which the judicial sale was made was executed in 1877. And in the case at bar, if the act of March 11th, 1875, should be construed literally, the result would be that the wife's interest never became consummate, because she died before the purchaser's title to her husband's land became absolute, and before the end of the year allowed for redemption. Under such a literal construction the wife had, when she died, only an inchoate interest, but nothing descendible or capable of passing to representatives. But this court has refused to give a literal construction to said act of 1875.

In *Elliott* v. *Cale*, 80 Ind. 285, this court held the meaning of the act of 1875 to be that the judicial sale is the principal thing in creating the wife's title to one-third of her husband's lands, and that upon such sale the wife's title to said one-third becomes absolute, and is not defeated by her subsequent death before the end of the year allowed for redemption, so that nothing but redemption within the year will defeat it.

In the subsequent case of *Riley* v. *Davis*, 83 Ind. 1, this court declined to overrule *Elliott* v. *Cale, supra,* and held that, on the death of the wife during the year allowed for redemption, if the land is not redeemed, and the purchaser receives the sheriff's deed, the wife's title to the one-third will be deemed to have vested in her from the time of the sale, and

will descend to her heir; and that she, as such owner of the one-third, will be entitled to one-third of the rents and profits during the year allowed for redemption. These cases of *Elliott* v. *Cale* and *Riley* v. *Davis* are decisive of the present suit. Upon the facts stated in the complaint Mrs. Summit became the owner, on the day of the sale, of one-third of the land. When she died that one-third descended to her husband. One-third of that one-third would have descended to her husband, the appellant, under 1 R. S. 1876, p. 412, sec. 22; but sec. 3 of the act of March 11th, 1875, provides "That if any married woman shall die, holding real property vested in her by the provisions of this act, during the existence of the marriage in virtue of which she received the same, the whole of such real property shall descend to her surviving husband." The appellant, therefore, had an interest in the land in controversy, to wit: he owned one-third of it, and was entitled to partition. The court erred in sustaining the demurrer to the second paragraph of the complaint.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and it is hereby in all things reversed, at the costs of the appellee, and this cause is remanded with instructions to overrule the demurrer to the second paragraph of the complaint.

NOTE.—It being suggested and shown that the appellant has departed this life since the submission of this cause, judgment herein is rendered as of the May term, 1880, at which term the submission was made. 2 R. S. 1876, p. 245, sec. 572.