Filed Feb. 1, 1884.

---

No. 10,935.

## PATTISON ET AL. *v.* SMITH ET AL.

SHERIFF'S SALE.—*Mortgage, Effect on Wife's Inchoate Interest.*—Suit to foreclose a mortgage of lands of a husband executed by himself and wife in March, 1876. Answer, that there was a judgment lien on the lands older than the mortgage, upon which afterwards, in 1879, the lands were sold on execution, and a vendor of the defendant purchased and obtained in due time a sheriff's deed, and afterwards conveyed to the defendant.

*Held,* that the answer was bad on demurrer, because by the statute, R. S. 1881, section 2508, one-third of the land, being the wife's inchoate interest, could not be sold by the sheriff; that by the sheriff's deed this became vested in the wife, and remained subject to the mortgage.

JUDGMENT.—*Non-Resident.—Error.*—Error in rendering a personal judgment on default against a defendant who is a non-resident, and had notice only by publication, is not available on behalf of a co-defendant who appeared.

From the Blackford Circuit Court.

*T. W. Woollen* and *D. D. Banta,* for appellants.

*J. Cantwell* and *S. W. Cantwell,* for appellee.

COLERICK, C.—The appellee James S. Smith brought this

action to foreclose a mortgage executed to him on the 16th day of October, 1876, by the appellees Daniel A. Watson and Elmira E. Watson, upon certain real estate therein described, and given to secure the payment of a note for $126.61. The appellants were joined with the Watsons as defendants in the action, it being alleged in the complaint that they claimed an interest in the real estate so mortgaged. The Watsons being non-residents of the State were notified, by publication, of the pendency of the action, and failing to appear thereto they were defaulted. The appellants appeared and filed an answer in two paragraphs and a cross complaint. Demurrers were sustained to the first paragraph of the answer and to the cross complaint, and a reply was filed to the remaining paragraph of the answer, which paragraph is numbered three in the record. The case was tried by the court, resulting in the rendition of a judgment in favor of the appellee Smith for the foreclosure of said mortgage, and for the sale of one-third of said real estate, being the interest of the appellee Elmira E. Watson therein, which she acquired as the wife of said Daniel A. Watson. A motion for a new trial was made and overruled. The errors assigned are that the court erred in sustaining said demurrers, and overruling the motion for a new trial. It appears by the first paragraph of the answer, and the cross complaint, which are alike, that on the 7th day of March, 1876, prior to the execution of said mortgage, one Joseph Catherwood recovered a judgment in the Blackford Circuit Court against Samuel A. Mills and Thomas G. Mills for $545.88, upon which judgment said Daniel A. Watson became replevin bail, at which time he was the owner of said real estate; that afterwards an execution was duly issued upon said judgment and delivered to the sheriff of said county, who, being unable to find any property of the judgment defendants, levied said execution upon the real estate so owned by Daniel A. Watson, and on the 24th day of March, 1877, sold the same to said Catherwood, who afterwards assigned the certificate of purchase issued to him by the sheriff

to Willis M. Webb, to whom the sheriff, on the 5th day of November, 1880, executed a deed of conveyance for said real estate, and afterwards said Webb conveyed the same by warranty deed to the appellant Pinkie W. Pattison, who asserts that she has been ever since said time the owner thereof, under the title aforesaid.

The appellant Augustus E. Pattison is the husband of said Pinkie W. Pattison, and for that reason was made a defendant to the action.

The third paragraph of the answer, to which the demurrer was overruled, was the same as the first paragraph, except that it only purported to be and was a sufficient answer as to the two-thirds of the real estate so mortgaged.

The question presented by the appellants for our consideration is whether the appellee Elmira E. Watson, as the wife of said Daniel A. Watson, had an interest in said real estate at the time of the execution of said mortgage? The case comes directly within the provisions of section 2508, R. S. 1881. At the time of the sheriff's sale to Catherwood the said Elmira E. Watson had an inchoate interest in said real estate as such wife, which interest became vested and absolute as soon as said sale was made, and her title thereto when consummated, as it was, by the execution of the sheriff's deed, related back to the time of the sale, when, in legal contemplation, she became the absolute and vested owner of one-third of said real estate. *Elliott* v. *Cale,* 80 Ind. 285 ; *Summit* v. *Ellett,* 88 Ind. 227 ; *Riley* v. *Davis,* 83 Ind. 1. By the provisions of the statute to which we have referred, her inchoate interest could not have been, and was not sold by the sheriff on said execution, as all that he could sell, and did sell, was the two-thirds of said real estate. *Taylor* v. *Stockwell,* 66 Ind. 505 ; *Summit* v. *Ellett, supra.* In this case the mortgage was executed before the execution of the deed by the sheriff, but the action for its foreclosure was not brought until after the sheriff's deed was made. The fact that the

mortgage was executed prior to the making of the sheriff's deed did not render the mortgage invalid. In *Hollenback* v. *Blackmore,* 70 Ind. 234, it was held that where the husband's title had been vested in the purchaser as to the two-thirds, by the sheriff's deed, so that the wife's interest had also become vested and absolute as to the one-third, a deed by the husband and wife, made four months before the execution of the sheriff's deed, gave a good title to the grantee, because, when the wife's interest became vested, her title related back to the day of the sale. See *Summit* v. *Ellett, supra.*

The only reason assigned for a new trial that is urged in this court by the appellants is that the court erroneously rendered a personal judgment against the appellee Daniel A. Watson and Elmira E. Watson for the amount of the note secured by said mortgage, although they were only constructively notified of the pendency of the action. If such an error occurred, the Watsons are the only persons affected thereby, and they alone can complain of the error. See *Cool* v. *Peters Box and Lumber Co.,* 87 Ind. 531.

PER CURIAM.—The judgment of the court below is affirmed, at the costs of the appellants.

Filed Feb. 1, 1884.