Filed Oct. 16, 1884.

---

No. 11,278.

## WILHELM *v.* HUMPHRIES ET AL.

SHERIFF'S SALE.—*Non-Redemption from Sale.—Sheriff's Deed.—Intervening Judgment.*—Where real estate is sold by the sheriff upon execution or order of sale, and, upon the non-redemption of the real estate from such sale within the year allowed by law therefor, a sheriff's deed is executed to the holder of the sheriff's certificate of sale, such deed will relate back to and take effect from the date of the sheriff's sale, so as to convey the real estate free from the lien of an intervening judgment against the execution debtor.

SAME.—*Right to Redeem.—Lien of Judgment.—Accounting for Rents and Profits.* —Where a judgment debtor has a naked right to redeem certain real

Wilhelm v. Humphries *et al.*

estate, by the payment of a certain sum of money, the lien of the judg-ment, if any, on such right to redeem, will not entitle the judgment plaintiff to demand from the owner of the fee, in such real estate, an accounting for rents and profits thereof.

From the Grant Circuit Court.

*J. A. Kersey, L. D. Baldwin, I. VanDevanter, J. W. Lacey* and *W. VanDevanter,* for appellant.

*J. L. Custer,* for appellees.

Howk, C. J.—The only error assigned by the appellant, Wilhelm, on the record of this cause, is the sustaining of the appellees' demurrer, for the want of sufficient facts, to his complaint.

The appellant alleged, in his complaint, that at the April term, 1879, of the Grant Circuit Court, one Jason Wilson and Adam Wolfe, recovered a judgment against John H. and William Baldwin for $244.32, without relief, etc., and with ten per cent. interest, and on November 22d, 1882, they duly assigned to the appellant such judgment for value, by an endorsement on the margin thereof; that at the April term, 1882, of said court, William Baldwin was found and adjudged by the court to be the surety of John H. Baldwin in such judgment; that said judgment was in full force and wholly unpaid, and that at and since the rendition of such judgment John H. Baldwin was the owner of a right to redeem a certain parcel of real estate in the town of Marion, in Grant county, which had been previously mortgaged to one Mary A. Turner, and the mortgage assigned by her to the appellee Charles W. Humphries, and then in force; and that said judgment, at its rendition, became a lien on John H. Baldwin's right to redeem such real estate from said mortgage.

The appellant further alleged that the appellee Mary L. Humphries claimed to own said real estate, and disputed his lien on said right to redeem the same, by virtue of a pretended sheriff's deed thereof, which was void, because her co-appellee and husband, Charles W. Humphries, on January 25th, 1878, filed his complaint in the court below to foreclose

the said mortgage so assigned to him by Mary A. Turner against John H. and Estella Baldwin, and said Mary A. Turner and one Oscar A. Wickersham; that afterwards, on February 14th, 1878, one George W. Winchel was, on his own petition, made a party plaintiff in such foreclosure suit, upon the ground that he was a holder of one of the notes secured by the mortgage then in suit, and filed his complaint praying judgment and foreclosure; that immediately thereafter, on the day last named, the court proceeded to hear and determine such foreclosure suit upon the default of each and all of the defendants therein, for the amounts due and to become due to said Charles W. Humphries, and for the amount due the said George W. Winchel, and for the foreclosure of said mortgage and sale of the mortgaged premises, and adjudged and decreed accordingly, and for the costs of suit; and that there was no notice given to the foreclosure defendants of the said proceedings of said Winchel, and no appearance thereto by them or either of them.

The appellant further averred that on October 26th, 1878, the sheriff of Grant county pretended to sell said real estate by virtue of an order of sale issued to him, on said judgment and decree of foreclosure, to said Charles W. Humphries and George W. Winchel, and issued to them a certificate of such sale; that within a year thereafter Winchel assigned his interest in such certificate to said Charles W. Humphries, who procured the sheriff, at the expiration of one year from the date of such sale, to execute to the appellee Mary L. Humphries, a sheriff's deed of such real estate upon the surrender of such certificate; that, by reason of the premises, the sheriff's deed was void, and did not convey nor divest John H. Baldwin's right to redeem said real estate from said mortgage, nor invest the same in either of the appellees, or in any one else; that at the November term, 1881, of the court below, the said Mary L. Humphries commenced a suit therein against John H. and William Baldwin, David Miers and George Gere, to quiet her title to said real estate, and on the

issues joined on her complaint, and the cross complaint of John H. Baldwin, and on the answers and reply therein filed, the court, at its April term, 1882, found and adjudged that John H. Baldwin had the right to redeem such real estate from Mary L. Humphries by paying her the sum of $591, including all proper charges belonging to Mary L. and Charles W. Humphries, or either of them, on account of all payments or purchases made by them, or either of them, on account of such real estate, for any cause whatever.

And the appellant said that the appellee Mary L. Humphries was, and had been for forty months last past, in possession of said real estate, receiving the rents and profits thereof, which were reasonably worth $15 per month, and then amounted to the sum of $600; that the appellant was entitled to have an account rendered of such rents and profits, and to redeem such real estate from Mary L. Humphries, by paying her such sum as might be adjudged to be due her on the rendition of such account; that the appellant then offered to pay Mary L. Humphries any sum of money which the court might find due her on account of such real estate, on the rendition of such account and his redemption of such real estate. Wherefore the appellant prayed that the said sheriff's deed be set aside, and that he be allowed to redeem said real estate as aforesaid, and for all proper relief.

We are of opinion that the court committed no error in sustaining the appellees' demurrer to the appellant's complaint. The judgment in the foreclosure suit, mentioned in the complaint, may have been irregular and erroneous, but it was very far from being void. It is not pretended or claimed, either in the complaint or in argument, that there was any irregularity, informality or error in the judgment and decree of foreclosure in favor of the appellee Charles W. Humphries. But it is claimed that the alleged error of the court in permitting Winchel to become a party plaintiff in the foreclosure suit, and in rendering a judgment and decree in his favor, upon his complaint then filed, without notice thereof

to the defendants in such suit, vitiated and avoided the proceedings had, and the sale made, and the deed executed, under and pursuant to the judgment and decree in favor of Charles. W. Humphries.

The proceedings, sheriff's sale and deed to the appellee Mary L. Humphries were not void, although they might have been avoided, perhaps, in a proper suit instituted by the proper parties for that purpose, at the proper time.    It will be seen, however, from the allegations of the complaint, that not only was the mortgage foreclosed, but that, pursuant to the decree of foreclosure, John H. Baldwin's title to and interest in the mortgaged real estate were sold by the sheriff long before the judgment was rendered, which was subsequently assigned to the appellant, and which is the basis of his supposed cause of action in the case in hand.    Possibly, this judgment may have entitled the judgment creditor to redeem the real estate from the sheriff's sale thereof before the expiration of the year allowed by law for such redemption; but it was not so redeemed, and the sheriff's deed, subsequently executed, related back to the date of the sheriff's sale, and conveyed Baldwin's title to and interest in such real estate to Mary L. Humphries free from the lien thereon of such intervening judgment. *Hollenback* v. *Blackmore*, 70 Ind. 234; *Elliott* v. *Cale,* 80 Ind. 285; *Riley* v. *Davis*, 83 Ind. 1.

But the appellant further alleged that the court below, at its April term, 1882, found and adjudged that John H. Baldwin had the right to redeem such real estate from Mary L. Humphries, by paying her the sum of $591. This was more than two years after the execution of the sheriff's deed to Mary L. Humphries.    It is not shown in the complaint in this case upon what ground or for what cause the court found and adjudged that Baldwin was so entitled to redeem; but the appellant claims that his judgment against Baldwin became a lien on this right to redeem.    In this we think the appellant is mistaken.    Under our statute, all final judgments in the circuit court for the recovery of money or costs are liens upon

real estate and chattels real. Section 608, R. S. 1881. But a right to redeem real estate is neither real estate nor a chattel real. It is not an estate of any kind in real estate; indeed, it may well be doubted whether a mere right to redeem real estate is subject even to levy and sale under an ordinary execution. Section 1105, R. S. 1881. But see section 752, R. S. 1881.

It is certain, we think, that if it were conceded that the appellant's judgment was a lien upon Baldwin's right to redeem the real estate described in his complaint, such lien upon a naked right to redeem would not entitle the lien-holder to demand that the owner of the fee in such real estate should account to him for the rents and profits thereof. So that, in any view of the case at bar, the appellees' demurrer to the appellant's complaint was correctly sustained.

The judgment is affirmed, with costs.

Filed May 13, 1884. Petition for a rehearing overruled Oct. 15, 1884.