No. 14,292.

## DUESTERBERG, EXECUTOR, *v.* SWARTZEL ET AL.

PLEADING.—*Practice.*—*Assignment of Error.*—A defendant can not assign available error upon the sustaining of a demurrer filed by another defendant to the plaintiff's complaint.

SHERIFF'S SALE.—*Junior Liens.*—*Redemption.*—*Deed.*—*Merger.*—In a suit to foreclose a mortgage the holders of junior judgment liens were made parties defendants. At a valid sale under the decree of foreclosure, S. purchased the mortgaged property and received a certificate of sale. Before the year for redemption expired, S. also purchased from the mortgagors their equity of redemption, received a quitclaim deed from them, and went into possession. The junior lien-holders seek to enforce their liens without redeeming from the sheriff's sale.

*Held,* that the only right of the junior lien-holders was to redeem within the time allowed for that purpose.

*Held,* also, that the title acquired by S. through the sheriff's deed related back to the date of the sale and vested in him as of that date, and hence was not merged in the title acquired under his quitclaim deed from the mortgagors.

From the Knox Circuit Court.

*W. A. Cullop* and *G. W. Shaw,* for appellant.

*S. W. Williams* and *B. M. Willoughby,* for appellees.

HOWK, J.—In this case Gerard H. Duesterberg, executor of the will of Louis Stolpp, deceased, sued Joseph A. and Mary A. Swartzel, Lizzie M. Dove and Benjamin R. Pegram, as defendants, in a complaint of two paragraphs. The separate demurrers of defendants Dove and Joseph A. Swartzel to each paragraph of plaintiff's complaint, for the alleged insufficiency of the facts therein stated to constitute a cause of action, were severally overruled by the court to the first paragraph, and sustained by the court to the second paragraph, of such complaint.

Defendant Pegram filed his separate answer to the first paragraph of plaintiff's complaint, and, also, his cross-complaint against his co-defendants herein, who appeared to such

cross-complaint and were ordered to answer it.   Defendants
Swartzel, Swartzel and Dove filed their answer to the first
paragraph of plaintiff's complaint, and plaintiff was ruled
to .reply.   The cause was tried by the court, and a finding
was made for the defendants, and judgment was rendered
accordingly.

The only errors assigned here by plaintiff call in question
thé sustaining of the separate demurrers of appellees Joseph
A. Swartzel and Lizzie M. Dove to the second paragraph
of plaintiff's complaint.   By a separate assignment, defendant
Pegram also says that the court below erred in sustaining such
demurrers to the second paragraph of plaintiff's complaint.
But as such second paragraph was not the complaint of
Pegram, we can not see how it concerns him whether the
court did, or did not, err in sustaining demurrers to such
paragraph of plaintiff's complaint; or, if the rulings were
erroneous, upon what ground defendant Pegram could claim
that he was injured by such errors.

In the second paragraph of his complaint, plaintiff alleged
that on the 15th day of November, 1886, in a certain cause
in the court below, in which he, as such executor as afore-
said, was plaintiff, and one Joseph A. Pollock was defendant,
by the consideration of such court the plaintiff recovered a
judgment against said Pollock for the sum of $1,021.40,
with six per cent. interest thereon, and costs of suit taxed at
—— dollars ; that at the time of the rendition of such judg-
ment said Joseph A. Pollock was the owner in fee simple of
the real estate in Knox county, Indiana, described as lots
numbered 164, 165, 166 and 167, in Harrison's addition to
the city of Vincennes, then and since of the value of $12,000 ;
that prior to the rendition of said judgment said Joseph A.
Pollock and his wife, Evaline A. Pollock, executed a mort-
gage on all of said real estate to Joseph L. Bayard, John H.
Robb and Louis L. Watson for the sum of $5,900; that at
the February term, 1887, of such court, said Bayard, Robb
and Watson brought an action against said Pollock and wife

to foreclose said mortgage, and made defendants thereto plaintiff herein in his trust capacity as executor of the will of Louis Stolpp, deceased, and said Benjamin R. Pegram, defendant herein, alleging the junior lien of this plaintiff by virtue of his said judgment, and a junior lien in favor of said Pegram by virtue of a judgment in such court recovered by said Pegram of said Joseph A. Pollock, and asking that this plaintiff and said Pegram be required to answer as to whatever claim to or interest in said real estate they respectively had, or claimed to have; that this plaintiff and said Pegram appeared to said action in such court, and filed answers and cross-complaints therein against said Pollock and wife, plaintiff herein setting up his aforesaid judgment lien; that issues were joined between all the parties to said action, and such proceedings were had therein that the court below, at its ———— term, 1887, found and adjudged that there was due said Bayard, Robb and Watson, on account of their said mortgage lien, the sum of $5,797; that there was due plaintiff herein, executor as aforesaid, on his said judgment lien, the sum of $1,137.97; that there was due said Pegram, on account of his said judgment, the sum of $115.96; all of which sums were due from said Pollock, and were liens on the aforesaid real estate; that it was decreed in said action that said real estate should be sold to satisfy said judgments, and that the proceeds of such sale should be applied, *first*, to the payment of the lien of said Bayard, Robb and Watson; *secondly*, to Evaline Pollock, wife of said Joseph A. Pollock, by reason of her marital rights, whatever portion of her one-third remained, if any, in excess of what was necessary to satisfy said mortgage lien; *thirdly*, the remainder, first, to the plaintiff herein on his said judgment lien, and next to said Pegram on his judgment lien; and *fourthly*, the surplus, if any, to said Joseph A. Pollock.

And plaintiff further said, that, pursuant to said judgment and decree, an order of sale thereon was issued to the sheriff of Knox county, commanding him to sell said real estate as pro-

vided in said decree; that, on the — day of ——, 1887, pursuant to said decree, said sheriff offered and sold said real estate for the sum of $5,945 to defendant Joseph A. Swartzel, who, at the time of such sale, paid said purchase-money, and received from such sheriff a certificate of sale pursuant thereto, entitling him to a deed for said real estate on the — day of ——, 1888, if the same was not sooner redeemed from such sale. And plaintiff averred that immediately after such sheriff's sale, and before the expiration of the year for redemption, defendant Joseph A. Swartzel, to wit, on the 20th day of April, 1887, purchased of said Pollock all of said real estate, and, pursuant to such sale, by their quitclaim deed of that date, Pollock and his wife conveyed to said Swartzel said real estate, whereof the fee was then in said Pollock; that, at the time of such sale, said real estate was of the value of $12,000, and the equity of redemption was worth $2,000; that said Swartzel paid said Pollock for the fee of such real estate the sum of $500, and took said conveyance for the purpose of preventing redemption either by said Pollock or by his wife; that, in arriving at the amount said Swartzel should and did pay for such real estate, he and said Swartzel took into consideration plaintiff's judgment lien thereon, recognizing the same as a valid lien on such real estate, which was subject to execution to satisfy plaintiff's judgment the same as if said Pollock had redeemed the real estate from the sheriff's sale thereof instead of conveying the same in fee to said Swartzel; that immediately after the sale and conveyance of such real estate by Pollock and his wife to said Swartzel, the latter took and had since retained possession of the property, the rental value of which was $50 per month; that said Mary A. was the wife of said Joseph A. Swartzel, and said Lizzie M. Dove had, or claimed to have, some interest in such real estate, or some part thereof; and that plaintiff's judgment was unpaid, and, by virtue thereof, he had a lien on said real

estate prior to any lien, claim or interest thereon or therein of the defendants and each of them.   Wherefore, etc.

We are of opinion that the court below committed no error in sustaining the separate demurrers of defendants Joseph A. Swartzel and Lizzie M. Dove to the second paragraph of plaintiff's complaint.   The facts stated in such paragraph were wholly insufficient to show any cause or right of action in favor of the plaintiff against such defendants, or either of them, or against the real estate described in such paragraph.   It is not claimed by plaintiff that the judgment and decree of the court for the sale of such real estate, to which he was a party, were invalid and void for any reason.   Nor does plaintiff claim in the second paragraph of his complaint that the sheriff's sale of such real estate to defendant Joseph A. Swartzel, pursuant to such decree, was for any cause illegal, invalid or inoperative in any respect or particular.   By his purchase of such real estate at sheriff's sale, pursuant to such decree, defendant Joseph A. Swartzel acquired all the right, title and estate of both Pollock and his wife in and to such property, subject, of course, to the right of each of them to redeem the same from such sale thereof at any time within one year from the date of the sale, and subject, also, to the right of said Pollock, as owner of the real estate sold as aforesaid, under the provisions of section 767, R. S. 1881, to retain "the possession of the same for one year from the date of such sale."   By the sheriff's sale of such real estate, said Joseph A. Swartzel as purchaser thereof took the same freed and discharged from the lien of the judgments of the plaintiff herein and of the defendant Benjamin R. Pegram, and each of them, on such real estate, and subject only so far as they are concerned to the right of each of them to redeem the property from such sale thereof at any time within one year from the date of such sale.

After defendant Swartzel became the purchaser of such real estate at sheriff's sale, and had received from the sheriff

a certificate of his purchase, he had an undoubted right, we think, to purchase from said Pollock and his wife any interest which they, or either of them, yet claimed in such real estate, possessory or otherwise, upon such terms as he and they could agree upon. The fact that Swartzel made such purchase from Pollock and his wife, after the date of such sheriff's sale, or the further fact alleged that said Pollock and his wife conveyed by quitclaim deed the fee of such real estate and surrendered the possession thereof to said Swartzel, after such sheriff's sale, did not and could not deprive the plaintiff herein or the defendant Pegram of his legal right to redeem such real estate from the sheriff's sale thereof to said Swartzel, at any time within one year from the date of such sale ; and this right of redemption was all the right in or to such real estate which the plaintiff or Pegram had, after the date of such sheriff's sale thereof. If such real estate was not redeemed from such sheriff's sale within the year allowed by law for such redemption, and if, at the expiration of such year, there was no such redemption, and a sheriff's deed was then executed pursuant to such decree and sale conveying to said Swartzel the above described real estate, the legal title of Pollock to such real estate, and the inchoate interest of his wife therein, under our law, became absolute and vested in said Swartzel as of the date of the sheriff's sale, and not as of the date of the sheriff's deed to him of such real estate. *Hollenback* v. *Blackmore,* 70 Ind. 234 ; *Elliott* v. *Cale,* 80 Ind. 285 ; *Wilhelm* v. *Humphries,* 97 Ind. 520 ; *Elliott* v. *Cale,* 113 Ind. 383.

In that view of the case, the claim of plaintiff that the title acquired by Swartzel, under the sheriff's sale and deed to him, had become merged in the title he acquired under his quitclaim deed from Pollock and wife, is wholly untenable and can not be sustained. The sheriff's sale and deed would give Swartzel a much better title to the real estate than he could possibly get under his deed from Pollock and wife ; for, under the former deed, he would get the

real estate free from the lien of the judgments of plaintiff or of Pegram thereon. In such case, if there were any merger of titles, Swartzel's title under his quitclaim deed from Pollock and wife would be merged in his older and better title under the sheriff's sale and deed of said real estate.

The demurrers to the second paragraph of complaint were correctly sustained.

The judgment is affirmed, with costs.

Filed May 18, 1888.