Filed Oct. 24, 1888.

---

No. 13,368.

## CARNAHAN ET AL. *v.* McCORD.

FRAUDULENT CONVEYANCE.—*Trust.—Innocent Purchaser.*—One who has purchased land and paid a valuable consideration therefor in good faith, without notice of the fraudulent purpose of the grantor, acquires a good title, under section 2970, R. S. 1881, as against the grantor's creditors.

SAME.—*Judgment.—Lien.—Notice.*—Where a husband has caused land to be conveyed to his wife, after which a judgment is taken against him, such judgment does not constitute a lien as against an innocent purchaser from the wife, nor is such purchaser, in the absence of actual knowledge, bound to take notice of the judgment.

From the Daviess Circuit Court.

*J. Baker*, for appellants.

*J. M. Barr*, for appellee.

MITCHELL, J.—Mary McCord instituted this proceeding

against Magnus J. Carnahan and Francis A. Ward, the latter being the sheriff of Daviess county, to enjoin the sale of certain real estate.

The plaintiff charged in her complaint that the sheriff was threatening to levy upon and sell certain real estate of which she was the owner, to satisfy an execution issued upon a judgment recovered by the defendant Carnahan against George W. Chandler.

The circuit court rendered final judgment perpetually enjoining the sale, according to the prayer of the complaint.

It is objected that the finding and judgment are contrary to law, and without support in the evidence. The facts are not disputed. So far as material they are as follows: On and prior to the 14th day of June, 1884, George W. Chandler was the owner and held the legal title to certain real estate in Daviess county, the value of which does not appear. On the date above mentioned, Chandler agreed to exchange his land for another tract in the same county, owned by Stencil C. Allen, the title to which stood in the name of Allen's father. Pursuant to agreement, Chandler and wife conveyed the land previously owned by the former to Allen, and in consideration thereof Allen's father conveyed the land now in controversy to Emily V., wife of George W. Chandler. While the land first above mentioned stood in the name of George W. Chandler, the latter became indebted to Carnahan to the amount of $78.92, for which sum Carnahan afterwards recovered judgment in the Daviess Circuit Court. The judgment was recovered on the 20th day of January, 1885. This was after the exchange of land with Allen, and the conveyance to Mrs. Chandler. On the 2d day of August, 1885, the appellee, Mrs. McCord, purchased the land and took a conveyance from Chandler and wife. As a consideration for the conveyance, she transferred other property to Mrs. Chandler, which was, so far as appears, equal in value to that received. While Mrs. McCord knew that George W. Chandler exchanged his land for that conveyed by Allen to Mrs.

Chandler, and afterwards purchased by her, she had no knowledge that he was indebted at the time he caused it to be conveyed to his wife, and she had no knowledge of any intent on the part of Chandler to delay or defraud his creditors. Chandler had no other property subject to execution.

The argument for a reversal of the judgment is based upon the assumption that the conveyance by Allen to Emily V. Chandler, the consideration therefor having been paid by her husband, was presumptively fraudulent as against the creditors of the latter, and that, until a fraudulent intent is disproved, a trust must be deemed to have resulted in favor of the creditors of George M. Chandler, under section 2975, R. S. 1881. If the controversy were between Mrs. Chandler and the creditors of her husband, the statute relied upon might be available.

The infirmity in the appellants' argument lies in the fact that it loses sight of the testimony which shows that Emily V. Chandler conveyed the land to Mrs. McCord, an innocent purchaser for value without notice of the alleged trust.

Section 2970, R. S. 1881, declares, in effect, that no trust, whether implied or created, shall defeat the title of a purchaser for value without notice of the trust.

This section affords an effectual shield for the protection of innocent purchasers. *Gray* v. *Turley*, 110 Ind. 254.

Where property fraudulently conveyed, or conveyed under such circumstances as to create a trust in favor of creditors, is found in the hands of a volunteer, or of one who took the conveyance with notice, it may be subjected to the payment of the grantor's debts. *Chamberlin* v. *Jones*, 114 Ind. 458; *Blair* v. *Smith*, 114 Ind. 114.

It can not be so subjected as against one who purchased and paid a valuable consideration in good faith, without notice of the fraudulent purpose of the grantor. *Studabaker* v. *Langard*, 79 Ind. 320; *Johnston* v. *Field*, 62 Ind. 377; *Stewart* v. *English*, 6 Ind. 176; *First Nat'l Bank* v. *Carter*, 89 Ind. 317; *Evans* v. *Nealis*, 69 Ind. 148.

Even though George W. Chandler paid the consideration and caused the conveyance to be taken in the name of his wife, with the intent to hinder and delay his creditors, the title of a subsequent purchaser, who had no notice of the fraud, and who paid a valuable consideration, can not be disturbed. *Jewett* v. *Meech*, 101 Ind. 289; *Willis* v. *Thompson*, 93 Ind. 62; *Barkley* v. *Tapp*, 87 Ind. 25; *Smith* v. *Selz*, 114 Ind. 229.

The land stood in the name of Emily V. Chandler at the time the judgment was taken against George W. Chandler. As against an innocent purchaser, a judgment so taken does not constitute a lien on the land, nor was the purchaser, in the absence of actual knowledge, bound to take notice of the judgment.

There was no error. The judgment is affirmed, with costs.

Filed Oct. 11, 1888.