THE CHICAGO AND ERIE RAILROAD COMPANY *v.* JOHN, TREASURER, ET AL.

[No. 18,142. Filed Dec. 8, 1897. Rehearing denied March 18, 1898.]

TAXATION.—*Personal Property of Railroad Company.—Assessment.— Notice.*—Where, under sections 8501, 8502, Burns' R. S. 1894, a railroad company returns a schedule and valuation of its personal property to the county auditor, and such auditor submits the same to the assessor to be assessed, the railroad company is not entitled to notice before the assessor can make the assessment at a greater valuation than that returned by the company.

From the Huntington Circuit Court. *Affirmed.*

*W. O. Johnson* and *Kenner & Lesh*, for appellant.

*John Q. Cline*, for appellees.

HACKNEY, J.—The appellant instituted this suit, in two paragraphs of complaint, to enjoin the treasurer and auditor of Huntington county from maintaining upon the tax duplicate and enforcing taxes on an increased valuation of its personal property, tools, etc., in Huntington township, and the city of Huntington, in said county, for the year 1893. The lower court sustained the demurrer of the appellees to each paragraph of the complaint, and that ruling presents the only question in this court. The theory of each paragraph was that the township assessor had returned to the county auditor a greater valuation than that made by the company, and had not, prior to making such valuation, given the company notice to show cause why such greater valuation should not be returned, and that, therefore, the valuation so made by the assessor is void.

By section 8501, Burns' R. S. 1894, railway companies return their schedules and valuations of such property to the county auditor and thereupon, under section 8502, Burns' R. S. 1894, the auditor submits to such assessor a copy of that part of the return so made, which includes the property here in question, and it is in said section provided that "such property shall be listed and assessed by such assessor." By section 8523, Burns' R. S. 1894, the assessor is required to return to the county auditor, under oath, the value fixed by him upon such property, such return to be made on or before the first Monday of June. By section 8532, Burns' R. S. 1894, the county board of review is required to meet in July, after two weeks notice, and it has power to hear complaints concerning and to correct the lists and valuation of such property. By these provisions the class of property in question is listed, assessed, returned, and corrections

in valuation are made.   But it is claimed by the appellant that by the provisions of section 8526, Burns' R. S. 1894, she was entitled to notice of the increased valuation fixed by the assessor; that the failure to give such notice deprived her of knowledge and opportunity to apply to the board of review to correct the valuation so fixed, and, in consequence, the action of the assessor was void.   That section provides that "Whenever the township assessor, prior to the filing of his return with the county auditor, shall discover or receive credible information, or have reason to believe that any real or personal property has been omitted in the assessment of any year or number of years from the listing and assessing, or from the tax duplicate, or that any person, company or corporation has from any cause omitted to list any of his, her or their property, or has not returned the full value thereof or that the tax for which such property was liable from any cause was not paid, or that any real estate, by reason of defective description thereof, has failed to pay taxes for any year, or number of years, he shall proceed to correct his list and add such property to the assessment, so that such property and the owner thereof may be charged with the proper amount of taxes thereon; but, before making such correction or addition, if the person claiming to own such property or occupying it, or in possession thereof, resides in the county he shall give the person claiming to own, or occupying, or having in possession such property, notice in writing of his intention to list such property, describing it in general terms, and requiring such person to appear before him at his office, or place of business, at a specified time within ten days after giving such notice, to show cause, if any, why such property should not be listed and placed on the assessment book; and if the party so notified does not appear,

or if he appear and fail to show any good and sufficient cause why such assessment should not be made, such listing shall be made, and the particular years for which such property should be listed shall be noted. Such assessor shall also file with the county auditor a statement in writing of his reasons for making such correction or assessment, and the facts or evidence upon which such reasons were based; the arrearages of tax which might have been assessed shall be charged against such person and property by the county auditor." It is not necessary that we should determine whether this section applies to the listing and assessing for the current year or to arrearages, for it is manifest that it applies to corrections and not to the making of original assessments. If, as we have pointed out, the assessor places the primary valuation upon property of the character of that in question here, notice to the owner could not be regarded as essential. That such was the intent of the statute is made manifest from the requirement that the list of the company returned to the auditor shall reach the auditor, not through the assessor, as in other cases, but directly from the company, and shall then be placed in the hands of the assessor to make the assessment. The fact that the company is required to place a valuation on the property is not that it may become absolute, but that it may serve as evidence to the assessor. It is enough, perhaps, when we have said that section 8526, *supra,* applies to corrections, and not to the primary valuation of property; however, if notice were required before the assessor could place his valuation on the property, it does not appear from the allegations of either paragraph of complaint that any person subject to notice as mentioned in the statute was in the county, and, for that reason, the complaint would be bad. The judgment is affirmed.