## LAMMERT ET AL. v. STOCKINGS.

[No. 4,050. Filed November 20, 1901.]

PLEADING.—*Misjoinder of Causes of Action.—Appeal and Error.*—A cause will not be reversed on the ruling of the court on a demurrer for misjoinder of causes of action. *p. 620.*

SAME.—*Fraudulent Conveyances.—Insolvency.*—In an action to enforce a judgment against real estate alleged to have been conveyed in fraud of creditors, an averment that the debtor at the time of the conveyance, and continuously up to the time of bringing the action, was insolvent, is sufficient without the further averment that he has and had no property subject to execution. *p. 621.*

From Spencer Circuit Court; *E. M. Swan,* Judge.

Proceedings by Sidney W. Stockings against Mary Lammert and others for the enforcement of a judgment against property alleged to have been conveyed in fraud of creditors. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*H. Kramer, F. A. Heuring* and *W. L. May,* for appellants.

*E. L. Boyd,* for appellee.

ROBY, J.—Appellee avers in his complaint that at the January term of the Spencer Circuit Court, 1896, he recovered a judgment for $398.05 against appellant Fred Lammert; that such judgment is in force; that on January 27, 1896, he caused an execution to be issued thereon, which was returned unsatisfied; that on August 26, 1895, while said suit was pending Fred Lammert owned real estate of the value of $5,000 (describing it) ; that, to defraud appellee and his other creditors, said Lammert and appellant

Mary, his wife, conveyed said real estate without consideration to one Neace, for the purpose of having the same reconveyed to appellant Mary, for the purpose of hindering, delaying, and defrauding appellee out of his debt, all of which said Mary well knew, and that to aid him in accomplishing his fraud, said Neace conveyed the real estate to ·Mary Lammert without consideration; that after the date of said conveyances continuously up to and including the present time Fred Lammert has been and now is wholly insolvent; that thereafter Mary Lammert sold said real estate for $4,000, which sum she received, "All of which acts were done by said Mary Lammert as a party to the purpose of said Fred Lammert to defraud his creditors, and especially the plaintiff, and the said Mary has in her hands and appropriates to her own use the proceeds derived from the sale of said real estate". A demurrer to the complaint was overruled, issue made by general denial, trial by the court, judgment for appellee.

The only question presented relates to the sufficiency of the complaint. The second ground of the demurrer was for misjoinder of causes of action. The ruling thereon presents no question in this court. §344 Burns 1901. There was, however, no misjoinder.

The attitude of the wife, holding the proceeds of land fraudulently conveyed to her, as set out, is not subject to doubt. "In equity she has no right to the money. She does not, therefore, hold it in her own right. She is not the debtor of her husband, because, as between parties a fraudulent conveyance is valid. She is not the debtor of her husband, because there was neither an implied nor an express promise to repay him, for she received the money as an actor in the corrupt scheme to defraud his creditors. There is, therefore, but one capacity in which she can hold, and that is as the trustee of the creditors. If she holds it in that capacity, then in that capacity she can be compelled to account. Reasoning solely on principle, this conclusion seems inevi-

table, and it is the conclusion which the authorities sustain." *Blair* v. *Smith,* 114 Ind. 114, 120, 5 Am. St. 593; *Chamberlin* v. *Jones,* 114 Ind. 458; *Phelps* v. *Smith,* 116 Ind. 387, 398; *Carnahan* v. *McCord,* 116 Ind. 67; *Doherty* v. *Holliday,* 137 Ind. 282, 286; *Smith* v. *Blair,* 133 Ind. 367; *Eiler* v. *Crull,* 112 Ind. 318.

The complaint avers the return of an execution unsatisfied, but does not state the reason. It may have been returned *nulla bona,* but it is not so averred, nor can such fact be assumed. The further allegation is that Fred Lammert was insolvent after the conveyance and when suit was begun. It has been held for a long time that an allegation to the effect that the debtor did not have at the date of the conveyance, nor has he since had, nor does he now have, sufficient other property subject to execution to pay his debts, or any part thereof, is a sufficient averment of insolvency. *Alford* v. *Baker,* 53 Ind. 279, 283. Insolvency is the ultimate fact in issue, and the absence of property subject to execution shows the condition to exist. *Markel* v. *Evans,* 47 Ind. 326, 332; *Vansickle* v. *Shenk,* 150 Ind. 413; *Towns* v. *Smith,* 115 Ind. 480; *Adams* v. *Slate,* 87 Ind. 573. The averment that the debtor was wholly insolvent is therefore sufficient without the usual further averment, that he has and had no property subject to execution, etc. If there were any doubt as to the correctness of this holding, it is removed by reference to a class of analogous cases. *Bruker* v. *Kelsey,* 72 Ind. 51. The allegation that the maker of a promissory note was wholly insolvent has always been recognized as a proper averment of fact in actions against indorsers. *Huston* v. *First Nat. Bank,* 85 Ind. 21, 25; *Roberts* v. *Masters,* 40 Ind. 465; *Markel* v. *Evans, supra; Binford* v. *Willson,* 65 Ind. 70; 3 Work's Pr. 61, and note. The rule is firmly established that an allegation to the effect that the debtor had and has no property subject to execution is sufficient in actions to set aside fraudulent conveyances. Insolvency may be thus averred or it may be averred in terms

as is here done. The complaint was therefore sufficient in this regard.

The appellee was not compelled to resort to proceedings supplemental to execution before proceeding in equity against the fraudulent grantee. *Vansickle* v. *Shenk, supra.*

The objections urged against the sufficiency of the complaint are not well taken. Judgment is affirmed.