Ketchum v. Schicketanz.

---

No. 8899.

KETCHUM *v.* SCHICKETANZ.

DESCENT.—*Wife's Interest in Real Estate of Husband.*—Under section 27 of the act regulating descents, 1 R. S. 1876, p. 413, a surviving wife is entitled to one-third of all lands in which her husband had an equitable interest at the time of his death.

JUDICIAL SALE OF REAL ESTATE.—*Inchoate Interest of Wife.*—By the act of March 11th, 1875, 1 R. S. 1876, p. 554, the inchoate interest of a wife in the lands of her husband vests absolutely in her when such lands are sold and conveyed away from him under a judicial proceeding, in the same manner and to the same extent as such interest would vest in her upon the death of her husband.

SAME.—*Bankruptcy.*—*Conveyance to Assignee.*—*Inchoate Interest of Wife in*

*Bankrupt's Real Estate.*—A conveyance by a register in bankruptcy of the real estate of an adjudged bankrupt to his assignee is a judicial sale within the meaning of said act of 1875, and vests the inchoate interest of the bankrupt's wife in such real estate, in the same manner and to the same extent as upon a judicial sale made in pursuance of the laws of this State.

SAME.—*Sheriff's Certificate.—Fraudulent Assignment.—Conveyance.—Commissioner.*—Where, in proceedings in bankruptcy, an assignment by the bankrupt of a sheriff's certificate of purchase of real estate, after the time for its redemption had expired, under which the assignee thereof had obtained a deed, is adjudged fraudulent and set aside, and the real estate included therein conveyed to the assignee of the bankrupt by a commissioner, in pursuance of an order of court, such conveyance is a judicial sale within the meaning of said act of March 11th, 1875, and placed such real estate in the hands of such assignee, in the same condition with reference to the claim of the wife of such bankrupt therein, as if it had been conveyed to such assignee by the judge or register in bankruptcy in the usual way after the adjudication in bankruptcy.

SAME.—*Partition.—Estoppel.*—In an action for partition of such real estate against the purchaser thereof at the bankrupt sale, such purchaser is estopped from asserting that the bankrupt had no title to the real estate at the time he was adjudged a bankrupt.

From the Marion Superior Court.

*D. V. Burns, C. A. Denny, V. Carter* and *S. Claypool,* for appellant.

*H. W. Harrington* and *A. G. Howe,* for appellee.

NIBLACK, C. J.—This was an action for partition brought by Maria Schicketanz, the appellee, against John L. Ketchum, the appellant.

The complaint alleged that prior to the 21st day of June, 1878, one Jacob Schicketanz, the husband of the plaintiff, had become the owner by purchase at sheriff's sale, and the expiration of the time for their redemption, of a considerable number of lots in one of the additions to the city of Indianapolis, and that within thirty days before that day the said Jacob Schicketanz assigned and transferred his certificate of purchase of said lots, without consideration, and for the purpose of defrauding his creditors, to his son, George Schicketanz, who received a sheriff's deed for such lots, that

on said 21st day of June, 1878, the said Jacob Schicketanz filed his petition in bankruptcy, and was, on the 25th day of the same month, adjudged a bankrupt by the proper court; that afterward, by proper judicial proceedings, the assignment and transfer of said lots to the said George Schicketanz was adjudged to be fraudulent and void, and said lots were, by order of court, conveyed to the assignee in bankruptcy of the said Jacob Schicketanz, who thereupon, as such assignee, sold and conveyed said lots to Ketchum, the defendant, of whom partition had been demanded.

The defendant answered, admitting that he was the owner of the lots of which partition was desired, and that he had purchased the lots of the said Jacob Schicketanz's assignee in bankruptcy, at the time and place and in the manner alleged in the complaint, but averring that he paid for the same the sum of five hundred dollars, and that at the time of his purchase he had no knowledge that the plaintiff had, or claimed to have, any interest in said lots, or that there was such a person as the plaintiff in existence, or that the said Jacob Schicketanz was a married man, and denying all the allegations of the complaint not specifically admitted.

On motion of the plaintiff, and over the objection and exception of the defendant, the court struck out so much of the answer as referred to the price paid by the defendant for the lots, and as averred the defendant's want of knowledge of the plaintiff's supposed interest in the lots, or of her existence, or of her marital relations with the said Jacob Schicketanz. The cause was then submitted to the court at special term for trial upon substantially the following agreed statement of facts :

It was admitted that the plaintiff was then, and had been continuously for ten years then last past, the wife of the said Jacob Schicketanz ; that the said Jacob did, on the 21st day of June, 1878, file his voluntary petition in bankruptcy in the District Court of the United States for the District of

Indiana, and that said court, sitting as a court of bankruptcy, did, on the 25th day of June, 1878, duly adjudge him a bankrupt, and appoint one Jeremiah McLene as assignee of his estate in bankruptcy, the said McLene duly qualifying as such assignee ; that Henry Jordan, register in bankruptcy, on the 19th day of July, 1878, properly and legally assigned to the said McLene, as such assignee, all the estate, both real and personal, of the said Jacob, and all the right, title, interest or claim which he, said register, had in the estate of the said bankrupt, vested in him by virtue of the bankrupt act of March 2d, 1867 ; that prior to the filing of his petition in bankruptcy, that is to say, on the 26th day of May, 1877, the said Jacob purchased the lots in controversy, together with some other property, at sheriff's sale, for the sum of ten thousand two hundred and eighty-seven dollars, which sum was duly paid to the sheriff, such sale being made upon a decree of foreclosure of a mortgage, and received a certificate of purchase from the sheriff for said lots and other property ; that the said Jacob was indebted to the "Citizens National Bank" of Indianapolis, and, on the 31st day of October, 1877, he assigned the said sheriff's certificate to said bank by way of security for such indebtedness ; that the said Jacob repaid to said bank the greater portion of said indebtedness, but a small portion of it was paid by his son George Schicketanz ; that, upon such payment being made in full, said bank surrendered said certificate, and, on the 11th day of June, 1878, and within twelve days before filing his petition in bankruptcy, the said Jacob, for the purpose of defrauding his creditors, and in fraud of the bankrupt act aforesaid, assigned said certificate to his said son George Schicketanz, who presented such certificate to the sheriff of Marion county, and by virtue thereof received a deed from such sheriff for the real estate in controversy ; that there was no redemption of said real estate from the sheriff's sale, and the time for its redemption had expired

before the said Jacob assigned the said certificate to his said son George ; that the assignment of said certificate was made to the said George Schicketanz without consideration, and without the consent of the plaintiff, who did not join therein ; that, after the said McLene was appointed assignee in bankruptcy of the estate of the said Jacob, he filed a bill in chancery in said District Court of the United States, making the said Jacob and his said son George, and his, the said George's, wife, parties thereto, and alleging that the assignment of said sheriff's certificate by the said Jacob to his said son George was without consideration, and for the purpose of defrauding the creditors of the said Jacob, and in fraud of the bankrupt act above referred to, and that the real estate in dispute was necessary to pay the debts of said Jacob ; that the defendants to said bill in chancery were all duly served with the process of said court, but did not appear to the action, and made default therein ; that said court thereupon adjudged that the assignment of said sheriff's certificate of purchase to the said George Schicketanz was made to defraud the creditors of the said Jacob, and was in fraud of the bankrupt law under which he had been adjudicated a bankrupt, and was fraudulent as against the said McLene as the assignee of the said Jacob, and that said real estate was a part of the estate of the said Jacob in bankruptcy, and in the hands of said assignee, and decreed that the said George Schicketanz and wife should, within ten days thereafter, convey said real estate to the said McLene, assignee as aforesaid, to be sold as a part of the said Jacob's estate in bankruptcy ; and, in default so to do within said time, then that William P. Fishback was thereby appointed master commissioner to make said conveyance ; that the said George Schicketanz and wife failing to make such conveyance, the said Fishback, as such master commissioner, did, on the 28th day of February, 1879, in accordance with said decree, convey said real estate to the said McLene as such assignee.;

that, on the 5th day of April, 1879, in pursuance of an order of said United States District Court, said real estate was sold by McLene, the assignee, at a bankrupt sale, the defendant herein becoming the purchaser thereof, without notice of the plaintiff's claim, except such as he acquired through said bankrupt proceedings and said proceedings in chancery to set aside the assignment of said sheriff's certificate to the said George Schicketanz; that said sale to the defendant was confirmed by the court, and the said McLene, as assignee, made the proper conveyance of the real estate so sold to the defendant; that the plaintiff was not a party to the bill in chancery filed to set aside the assignment of the sheriff's certificate; that said real estate was worth less than ten thousand dollars.

Upon the facts thus agreed upon, the court found that the plaintiff was the owner in fee simple of one-third part of the real estate described in the complaint, and that she was entitled to have partition thereof. Partition was thereupon decreed and made accordingly. The defendant then appealed to the general term, where the judgment at special term was affirmed. The defendant has further appealed to this court, where he contends that the finding at special term, upon the agreed statement of facts, above set out, ought to have been in his favor.

Under section 27 of the act regulating descents and the apportionment of estates, a surviving wife is entitled to one-third of all lands in which her husband had an equitable interest at the time of his death. 1 R. S. 1876, p. 413.

By the act of March 11th, 1875, the inchoate interest of a wife, in the lands of her husband, vests absolutely in her when such lands are sold and conveyed away from him under some judicial proceeding, in the same manner, and to the same extent, as such inchoate interest would vest in her upon the death of the husband. Acts 1875, Reg. Sess., 178.

When, therefore, the equitable interest of a husband in a

tract of land is sold and conveyed away, under a judicial proceeding, his wife becomes immediately and absolutely entitled to one-third of such land as against the purchaser, provided the value of the land does not exceed ten thousand dollars.

In the case of *Roberts* v. *Shroyer*, 68 Ind. 64, it was, upon full consideration, held that a conveyance, by the proper judge or register in bankruptcy, of the real estate of an adjudged bankrupt, to his assignee, is a judicial sale within the meaning of the act of March 11th, 1875, *supra*, and that the inchoate interest of the bankrupt's wife in such real estate thereupon becomes absolute in the same manner, and to the same extent, as upon a judicial sale made under the authority of some court of this State. See, also, *Jackman* v. *Nowling*, 69 Ind. 188.

The facts agreed upon in this case show that, in legal contemplation, the lots described in the complaint constituted a portion of Jacob Schicketanz's estate when he was adjudged a bankrupt, and that the conveyance of those lots by the sheriff to George Schicketanz inured to the benefit of the estate, which passed to the assignee, McLene, by the bankruptcy of the said Jacob.

Under the circumstances attending it, we think the conveyance by Fishback, the master commissioner, to McLene, the assignee, was a judicial sale within the spirit, purview and meaning of the act of March 11th, 1875, and placed the lots conveyed by it in the hands of the assignee, in the same condition with reference to the claim of an interest in them by the plaintiff, as they would have occupied if they had been conveyed to such assignee either by the Judge of the United States District Court, or the register in bankruptcy, in the usual way, after the adjudication in bankruptcy.

The only title which the defendant asserts to the lots came to him from the bankrupt, through the proceedings in bankruptcy, and he ought not to be heard to say, for the

purpose of defeating the plaintiff's claim, that the bankrupt had no title to those lots when he was adjudged a bankrupt.

We see no error in the proceedings below.

The judgment at general term is affirmed, with costs.

Petition for a rehearing overruled.