#### OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1882, IN THE SIXTY-
SEVENTH YEAR OF THE STATE.

86   1|
,138  481|

No. 9577.

### KECK *v.* NOBLE ET AL.

MARRIED WOMAN.—*Husband and Wife.— Wife's Inchoate Interest Under Act
of 1875.—Bankruptcy.—Judicial Sale.*—The act of 1875, whereby a wife's
inchoate interest in realty is made absolute upon the transfer of the hus-
band's title by judicial sale, applies to equitable as well as legal estates
of the husband; as where the husband, holding a certificate of purchase
of school land goes into bankruptcy, and the assignee pays the remainder
of the purchase-money and takes a conveyance to himself as assignee.

SAME.—*Judgment of U. S. District Court.—Appeal.—Statute Construed.*—The
assignee in bankruptcy of the plaintiff's husband brought suit in the U.
S. District Court, to enjoin her from asserting claim under the act of
1875 to real estate of the bankrupt, and, upon the report of the master,
obtained such decree; afterwards, at the same term of court, she obtained
a rehearing, upon which the court again overruled her exceptions to the
master's report, and ordered that said report stand as the final decree of
the court, saving her right of appeal, which appeal she perfected within
ten days; during the pendency of this appeal the assignee obtained of said
court an *ex parte* order for the sale of said realty, and sold the same to the
appellant.

*Held,* that the appeal was taken in time, and that the order of sale so obtained did not bar her claim; sec. 533 of the code of 1852 (R. S. 1881, sec. 669) not applying to such a case.

From the Hamilton Circuit Court.

*F. M. Trissal, W. Neal* and *J. T. Neal,* for appellant.

*T. J. Kane, T. P. Davis, D. Moss* and *R. R. Stephenson,* for appellees.

WOODS, C. J.—Under the act of March 11th, 1875, the appellee Rachel Noble claimed the one-third in fee of certain real estate, and obtained a judgment in partition that it be set off to her. The appellant insists that the law of 1875 does not apply, because her husband, who had gone into voluntary bankruptcy, and whose interest in the land had been transferred to his assignee in bankruptcy, and by him sold and conveyed to the appellant, did not own, and never had owned, the legal title, but held only a certificate of purchase thereof issued by the school commissioner of Hamilton county, where the land is situate.

The proposition asserted by the appellant is, that the act of 1875 does not apply unless there has been a transfer, by means of a judicial sale, of the legal title from the husband to the purchaser; that, unless the husband has the legal estate, the wife can have no inchoate right by virtue of the marriage.

In the case of *Ketchum* v. *Schicketanz,* 73 Ind. 137, the husband had never had the legal estate, but had purchased the land at a sheriff's sale, and had received a certificate of the purchase, and, after assigning the certificate to his son, had gone into voluntary bankruptcy; and the assignment to the son having been set aside as fraudulent at the suit of the assignee, and the land conveyed, under the order of the court, by a commissioner to the assignee, the wife claimed and was allowed under the statute to take one-third, as if her husband had died seized. In the opinion in that case it is said: "When, therefore, the equitable interest of a husband in a tract of land is sold and conveyed away, under a judicial proceeding, his wife becomes immediately and absolutely entitled to one-

third of such land as against the purchaser, provided the value of the land does not exceed ten thousand dollars."

In this case it is shown that the assignee, under the order of the bankrupt court, paid the remainder due upon the land to the school fund, and took a deed therefor in his own name; and in accordance with the decisions in *Ketchum* v. *Schicketanz, supra,* and *Roberts* v. *Shroyer,* 68 Ind. 64, it may well be said that the title of the bankrupt became a perfect legal title, and at the same instant was transferred to the assignee.

In his second paragraph of answer to the appellee's petition for partition, the appellant, after stating the facts already rehearsed in this opinion, alleged further, that, "After procuring the title as aforesaid the assignee presented his petition to the district court, asking an order for the sale of the land, which order was granted, and in pursuance thereof the assignee advertised the same for sale at public auction, and on the day and at the place fixed for the sale the defendant (appellant) was present to compete with other bidders, and to purchase the tract of land; and the plaintiff Rachel, when the same was offered for sale, notified all persons intending to bid that she was by law, as the wife of William F. Noble, entitled to a one-third interest therein, which would accrue to and become vested in her whenever a sale should be made by said assignee; and that she would assert her claim, and demand her said interest against any person who might become the purchaser; in consequence of which notice there was no sale upon said day for want of bidders.

"Thereupon the assignee, as this defendant (appellant) at the time well knew, immediately filed in said district court his bill in chancery, making said Rachel Noble a party defendant; in which bill all the facts hereinbefore set forth were stated, and the pretended interest of said Rachel in the lands, then existing or that might accrue after a sale by the assignee. was therein and thereby controverted and denied, and an issue as to the validity of such title and claim of said Rachel was thereby tendered; and a part of the relief prayed for in the

bill was an injunction forever restraining and enjoining said Rachel from in any manner asserting any claim or interest in and to said tract of land, either against the assignee or the purchaser from him.

"That said Rachel, on the 25th day of September, 1878, appeared to the bill and filed her demurrer thereto, and afterwards filed her answer reasserting her claim to an interest in said land; whereupon the cause was, by the district court, upon the issues aforesaid, referred to a master in chancery, who, after hearing and considering all the allegations, proofs and arguments, made and filed his report sustaining the bill, and finding that the assignee was entitled to the relief prayed for. Afterwards, on the 23d day of May, 1879, said Rachel filed in said court her exceptions to the report of said master, which exceptions were afterwards, on the 12th day of July, 1879, overruled, and a decree was then duly entered by the court in accordance with the report and findings of the master and the allegations and prayer of the bill. After the entry of this judgment and decree, and while the same was in full force and effect, unappealed from and unreversed, and before any steps had been taken by said Rachel, as by law and the rules in equity required, indicating her purpose to appeal from the decree, and after the ten days allowed by law in which to appeal had expired, to wit, on the 31st day of July, 1879, the assignee presented a petition again asking authority to sell said real estate, which petition was granted; and in pursuance of the order of sale then entered, the assignee, on the 25th day of August, 1879, again offered said real estate for sale at public auction, and this defendant (appellant) well knowing of all the facts and proceedings heretofore mentioned, relying upon the fact that the judgment and decree in said injunction suit was in full force and unappealed from, and further relying upon the verity and conclusiveness of the same as to the rights of said Rachel, purchased, and in good faith paid to the assignee the full value of said land, to wit, the sum of $4,600; and the sale having been duly confirmed, the assignee exe-

cuted to him a deed for the land, which he still holds; wherefore he asks that his title be quieted, and for such other and further relief as he may be entitled to," etc.

To this answer the appellee replied in substance, that on the 2d day of August, 1879, at the term at which the master's report was filed, she filed a motion to modify the decree of the District Court in the cause; and afterwards, on the 31st day of October, 1879, and at the same term of the court, she filed her petition asking a rehearing and reargument of the action of the court in overruling her exceptions to the master's report, and thereupon the court granted her a rehearing; that afterwards, on the 23d day of December, A. D. 1879, the court overruled her exceptions to the report and ordered that the master's report stand as the final order and decree of the court, saving her right to appeal; and she thereupon at the time excepted to the action of the court and prayed an appeal to the Circuit Court of the United States, which was thereupon duly granted and perfected on the 26th day of December, and afterwards, on the 30th day of March, 1880, the cause coming on for hearing in the circuit court, that court rendered the following judgment, to wit:

"Now this day this cause comes on to be heard, and, the court having heard argument of counsel and considered the same, it is ordered, adjudged and decreed by the court that the decree of the District Court heretofore rendered in this cause be and the same is hereby in all things reversed, and that the bill of complaint of complainant, assignee, be dismissed for want of equity, at the costs of the estate of William F. Noble, bankrupt, this court being of opinion that Rachel Noble, wife of William F. Noble, bankrupt, is entitled to an undivided one third of the real estate in controversy in this action, held by said William F. Noble as an equitable estate at the time of his adjudication as a bankrupt, subject to one-third of the unpaid purchase-money due upon said real estate at the time said unpaid purchase-money was paid by the assignee of William F. Noble."

And she further avers that said Valentine Keck was, at and during the times and proceedings herein mentioned, and at the time of his purchase of said real estate, one of the principal creditors of William F. Noble in the matter of said bankruptcy; that after the rendition of the order and judgment of the circuit court, and in pursuance thereof, she tendered and paid to the assignee one-third of the unpaid purchase-money due upon said real estate at the time said unpaid purchase-money was paid by the assignee; that afterwards, on distribution of the estate, including the amount that had been paid by her to the assignee Keck, as one of the creditors, accepted and received his interest therein with full knowledge of all the facts and matters herein stated, and has never refunded or offered to refund any part of the amount so received by him on account of the money paid by her to said assignee; that, long before Keck purchased said real estate, he had full notice of her claim and of her intention to prosecute the same, and at the time and on the day of the purchase, and before he had paid the purchase-price therefor or any part thereof, she notified him that she was still claiming and intended to hold her interest, and intended to appeal from the decision of the district court to the circuit court, and to take such steps as might be necessary to protect her interests; that she was never a party to any of the proceedings or orders for the sale of said real estate; that, on and after the rendition and decision of the master in chancery and the district court against her, she took such steps, and appealed therefrom in such time, as in such cases by law and the rules in equity provided; all of which more fully appears, reference being had to the record of such proceedings.

The appellant insists that his demurrer for want of facts to this reply should have been sustained.

A part of the argument is, that the appeal from the decision of the district court was not taken in time nor according to the rules of the court. This raises a collateral enquiry, upon which we need not enter, as it is to be presumed that

the appeal was properly taken, else the circuit court would not have entertained it. But it is shown in the reply, that, at the same term of court at which the decision was made, the appellee asked and obtained a rehearing, and in the final order the right of the appellee to appeal was expressly saved; and from this final decision it is shown that an appeal was duly granted and perfected. It is therefore clear that the appeal was duly prosecuted.

Counsel next say : " We claim that the rights of a purchaser at a judicial sale will not be affected by a subsequent reversal of the judgment;" and in support of the proposition cite the 533d section of the code, R. S. 1881, section 669, and numerous decided cases.

We do not question the proposition, but deem it inapplicable. The rule declared in the code is, that " The reversal of any judgment by virtue of which any real estate has been sold or transferred, or the title thereto affirmed, shall not avoid the sale, transfer, or title, if the person to be affected thereby shall be, or claim under, a purchaser in good faith, and not a party to the record or attorney of any party."

The order upon which the assignee made the sale to the appellant was an *ex parte* order, to which the appellee was not a party, and of which it is not alleged that she had notice. The sale was not made by virtue of the judgment which was appealed from, and it is affirmatively shown that the appellant, when he made his bid, and before he paid the price of his purchase, had full notice of the appellee's purpose to prosecute her appeal, and to assert her claim in all possible ways, so that he has no reasonable ground of complaint.

Judgment affirmed.

Petition for a rehearing overruled.