Filed March 11, 1884.

---

No. 10,829.

SHELTON v. SHELTON.

94 113,<br>138 481

MARRIED WOMAN.—*Judicial Sale of Husband's Equitable Interest in Lands.*— Where lands of a husband, held by equitable title, are sold under judicial proceedings, the inchoate interest of the wife is vested, by the statute, section 2508, R. S. 1881, upon the execution of a sheriff's deed to the purchaser.

From the Howard Circuit Court.

*J. W. Kern, B. F. Harness, W. R. Payne* and *J. F. Vaile*, for appellant.

*M. Bell, W. C. Purdum* and *F. Cooper*, for appellee.

FRANKLIN, C.—This is an action of partition by appellee against appellant. The errors insisted upon are the overruling of the demurrer to the complaint and the sustaining of the demurrer to the second paragraph of the answer. The same question is presented by both, and is, has a wife any interest in lands sold and conveyed at a judicial sale, when held by the husband by an equitable title only?

The 2491st section, R. S. 1881, provides that a surviving wife is entitled to one-third of all lands in which her husband had an equitable interest at the time of his death.

And the 2508th section, R. S. 1881, provides that when the legal title becomes absolute in the purchaser, the inchoate interest of the wife shall become vested in her, and that she shall have the right to the immediate possession thereof.

But it is insisted by appellant that the wife can only have an

VOL. 94.—8

inchoate interest in lands, held by an equitable title, where such lands are so held at the time of the husband's death; that where such lands have been sold by the sheriff, in the lifetime of the husband, all his equitable interest was gone, and he could not so hold said land at the time of his death, and therefore his wife could not have any interest in such lands.

It has been repeatedly held that the sheriff's deed, although not executed until the year for redemption has expired, yet, when executed, it relates back to the date of the sale, and becomes absolute from that date. The wife's right to possession also vests in her when the legal title becomes absolute in the purchaser, and when vested it also relates back to the date of the sale. *Hollenback* v. *Blackmore,* 70 Ind. 234; *Summit* v. *Ellett,* 88 Ind. 227; *Elliott* v. *Cale,* 80 Ind. 285; *Riley* v. *Davis,* 83 Ind. 1. Hence the statutes give the wife the same interest and rights in the lands held by the husband by equitable title at the date of the sale as though he had died at that date. Therefore, the wife has an interest in such lands, and is entitled to the possession thereof, the same as if the husband had held said lands by legal title, and she had not united in any conveyance thereof.

In the case of *Ketchum* v. *Schicketanz,* 73 Ind. 137, the following language is used: " When, therefore, the equitable interest of a husband in a tract of land is sold and conveyed away, under a judicial proceeding, his wife becomes immediately and absolutely entitled to one-third of such land as against the purchaser, provided the value of the land does not exceed ten thousand dollars." And this is substantially sustained by the case of *Keck* v. *Noble,* 86 Ind. 1.

There was no error in overruling the demurrer to the complaint, nor in sustaining the demurrer to the second paragraph of the answer.

The evidence is not in the record, and no point is made in appellant's brief upon the motion for a new trial. The judgment ought to be affirmed. .

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.

