Rupe *et al. v.* Hadley.

*A. W. Reynolds* and *E. B. Sellers*, for appellants.

*A. K. Sills* and *W. E. Uhl*, for appellee.

Filed Feb. 18, 1888.

No. 12,717.

RUPE ET AL. *v.* HADLEY.

HUSBAND AND WIFE.— *Void Conveyance.— Wife's Inchoate Interest.*—A wife has no present title to any part of her husband's real estate, and where the latter's deed, in which she has joined, has been avoided and rendered inoperative to convey his property, it is also ineffectual as a bar or release of the wife's inchoate interest.

SAME.— *Fraudulent Conveyance.— Judicial Sale.— Partition.— Parties.*—Where a wife has joined her husband in a conveyance of his real estate, which conveyance is subsequently set aside, in an action to which the wife is not a party, as fraudulent as against the husband's creditors, and the land is sold to the creditors at a sheriff's sale in satisfaction of their claims, her inchoate interest becomes vested in her under section 2508, R. S. 1881, and she may maintain a suit against the purchasers for partition, to which suit the fraudulent grantee is not a necessary party, either plaintiff or defendant.

SAME.— *Purchaser Pendente Lite.— Consideration.*—An answer in the suit for

Rupe *et al. v.* Hadley.

partition, that the grantee of the husband and wife had paid them a valuable consideration for the property, and that, during the pendency of the creditor's action to set the conveyance aside, such grantee had conveyed the land for full value to one who was not a party to the fraud, is not a good defence, as the latter person, the first conveyance having been declared void, acquired no title as against either the wife or the husband's creditors.

From the Wayne Circuit Court.

*C. H. Burchenal* and *J. L. Rupe,* for appellants.

*T. J. Study,* for appellee.

HOWK, J.—In this case, errors are assigned here by appellants, the defendants below, which call in question (1) the overruling of their demurrer to appellee's complaint, and (2) the sustaining of appellee's demurrer to their answer to her complaint herein.

We will consider these errors in their enumerated order, and decide the questions thereby presented and discussed by counsel.

1. In her complaint, appellee alleged that, on August 27th, 1874, she was lawfully married to Elwood Hadley, and had been since and still was his lawful wife; that, on the 3d day of September, 1880, Elwood Hadley was the owner in fee simple of a certain lot, particularly described, in the city of Richmond, in Wayne county, Indiana, and, on the same day, he and his wife, the appellee, by their deed then executed, conveyed the aforesaid lot to one William B. Hadley; that divers judgments were rendered in and by the court below against the said Elwood Hadley, during the years 1880 and 1881, but after the execution of the aforesaid deed, in favor of certain of the defendants herein, giving the date and amount of each of such judgments and the names of the judgment plaintiffs in each judgment; and that each and all of such judgments were rendered and entered in such court against said Elwood Hadley, upon his indebtedness which he owed to the plaintiffs respectively in each judgment, at

the time of the execution of the aforesaid deed by said El-
wood Hadley and his wife, the appellee, to said William B.
Hadley.

And appellee further alleged that, after the rendition of
each and all of the aforesaid judgments, to wit, on Decem-
ber 27th, 1881, all the appellants, except John L. Rupe,
being the plaintiffs in such several judgments against Elwood
Hadley, commenced an action in the court below against
Elwood Hadley and William B. Hadley to have the afore-
said deed adjudged and decreed to be fraudulent and void as
against the aforesaid judgment creditors of Elwood Hadley,
and to subject the real estate or lot described in such deed
to sale for the payment of the aforesaid judgments, which
then remained due and unpaid; that such proceedings were
afterwards had, in the action last aforesaid, as that, on Jan-
uary 24th, 1883, it was adjudged and decreed therein by the
court below that the above described deed to William B.
Hadley was fraudulent and void as against such judgment
creditors of Elwood Hadley, and that the real estate or lot
described in such deed should be sold by the sheriff of
Wayne county, as the property of Elwood Hadley, for the
payment of the aforesaid judgments; that by virtue of an
order of sale, issued out of the court below on the judgment
and decree last aforesaid, and to him directed, the sheriff of
said county advertised and sold the lot aforesaid on June
14th, 1884, at the court-house door in such city of Rich-
mond, to defendant John L. Rupe, in trust for the plaintiffs
in such judgment and decree, his co-defendants herein, for
the sum of $2,000; that such sheriff then and there exe-
cuted to defendant Rupe a certificate of such sale as required
by the statute; and that thereafter, on the 16th day of June,
1885, the lot sold as aforesaid not having been redeemed
from such sale within the year allowed by law for such re-
demption, the sheriff of Wayne county executed a deed
thereof to defendant Rupe, in trust for his co-defendants,
and such real estate or lot and the title thereto were then

held by defendant Rupe, in trust as aforesaid, under such sheriff's deed.

And plaintiff averred that she was the owner in fee simple of the undivided one-third part of the real estate or lot aforesaid, "by reason of the premises and foregoing facts," and defendants owned in fee simple the other undivided two-thirds part thereof; that plaintiff' desired to own in severalty her share in such real estate or lot, but that the same was not susceptible of partition without damage to the owners thereof; and plaintiff asked for the sale of such real estate by a commissioner, under the order of the court, and that the proceeds of such sale, after the payment of proper costs and charges, might be divided among the owners of such lot according to their respective interests therein, etc.

Defendants severally demurred to plaintiff's complaint, upon the following grounds of objection, namely:

1. The complaint did not state facts sufficient to constitute a cause of action.

2. A defect of parties plaintiff, in that William B. Hadley was not a plaintiff in the complaint.

3. A defect of parties defendant, in that William B. Hadley was not made a defendant in the complaint.

The court overruled the demurrer to the complaint, and this ruling is the first alleged error of which defendants complain. This assignment of error presents for our decision a single question, which may be thus stated: Upon the facts alleged in her complaint admitted to be true by the demurrer thereto, was the plaintiff the owner in fee simple of the undivided one-third part of the city lot described in such complaint, at the time she commenced this action? If she was such owner, it is certain, we think, that William B. Hadley had no interest in such lot, and was not a necessary party to the action, plaintiff or defendant. If she was not such owner, the demurrer to her complaint ought to have been sustained, solely on the ground, however, that it did not state facts sufficient to constitute a cause of action. It

can not be correctly said that any defect of parties, plaintiff or defendant, was or is apparent on the face of such complaint, nor was or is it shown by any of its averments that William B. Hadley was a necessary party to plaintiff's complaint. If, therefore, such complaint is bad on the demurrer thereto, it is bad because (and for no other reason) the facts stated therein are not sufficient to show a cause or right of action in the plaintiff herein.

Under the averments of plaintiff's complaint the defendants became and were the owners in fee simple of the undivided two-thirds part, and no more, of the city lot in controversy. Long before defendants acquired their interest in such lot, it was owned in fee simple by plaintiff's husband, Elwood Hadley, and was by him conveyed, plaintiff as his wife joining with him in the execution of the deed, to said William B. Hadley. Afterwards, at the suit of the defendants herein, it was adjudged by a court of competent jurisdiction that the deed so executed to said William B. Hadley was void as against them as creditors of Elwood Hadley, and that the lot thereby conveyed should be sold by the proper sheriff for the payment of the debts due them from said Elwood Hadley. Under this judgment and decree (to which the plaintiff herein was not a party) the city lot aforesaid, by the procurement of defendants herein, was sold by the proper sheriff, as the property of Elwood Hadley, and at such sale they became the purchasers thereof; and thereafter the lot aforesaid, not having been redeemed from such sale within the time allowed by law for such redemption, was conveyed to such defendants by the sheriff of the proper county.

On behalf of plaintiff herein it is contended by her counsel, that her inchoate interest, as the wife of Elwood Hadley, in the city lot aforesaid, not having been directed by defendants' judgment to be sold or barred by virtue of such sale, became absolute and vested in her, when, by virtue of such sheriff's sale and conveyance, the legal title of her husband, Elwood Hadley, in and to such city lot, became absolute and vested

in defendants, as such purchasers thereof. ` Section 2508, R. S. 1881.

On the other hand, defendants' counsel earnestly insist that plaintiff, by joining with her husband in the conveyance of the city lot aforesaid to William B. Hadley, thereby parted with and conveyed her inchoate interest in such city lot to the grantee of her husband, and that inasmuch as she was not a party to defendants' suit against her husband and his grantee, and as such conveyance was not set aside and declared void by the decree of the court as to her, and as her inchoate interest was not directed by such decree to be sold or barred by virtue of such sale, therefore, her inchoate interest in such lot became absolute and vested in the grantee of her husband and herself, William B. Hadley, when the legal title of her husband in and to such city lot, by virtue of such sheriff's sale and conveyance thereof, became absolute and vested in defendants as the purchasers thereof.

We are of opinion that this contention of defendants' counsel is not well founded, and can not be sustained. It is a mistake to say that plaintiff, by joining with her husband in the deed of his lot to William B. Hadley, conveyed to him an estate in such lot; the utmost that can be correctly said is, that if such deed had been valid, and her husband had thereby effectively conveyed his lot to the grantee named therein, plaintiff would have been barred or precluded by such deed, in the event she survived her husband, from asserting and enforcing as his widow any claim to or interest in such lot. An inchoate interest in real estate is not a present estate therein, and, therefore, such an interest is not the subject of grant or conveyance by itself or separately from the real estate wherein it is inchoate. *McCormick* v. *Hunter,* 50 Ind. 186; *Paulus* v. *Latta,* 93 Ind. 34; *Snoddy* v. *Leavitt,* 105 Ind. 357.

In the case last cited, in speaking of the effect of the joinder of a wife in the conveyance of her husband's real estate, the court said : " The land belonged to the husband.

She (the wife) had no present title to any portion of it. Her right was an inchoate right simply. When, by the death of the husband or the sale of the land at judicial sale, her inchoate right might ripen into a present right, it would, under our statute, be greater than a dower right, yet, until the happening of one of these events, her right was no more a present right than in case of a right of dower. She had nothing that she could convey separate and apart from the right and title of the husband. * * * Her joinder in the deed operated, not as a conveyance, but as a release of her inchoate right. The whole title was in the husband. His deed, without the wife joining therein, would have carried the whole * * * legal title."

. Where, therefore, as in the case at bar, the husband's deed of his own real estate, wherein his wife has joined, has been avoided and rendered inoperative or ineffectual to convey his real estate, it can not be held that such deed is valid and effective to bar his wife's inchoate interest in such real estate, or as a release of her inchoate interest therein. In such case, if the deed is void and ineffectual to convey the husband's real estate, it must be held. that such deed is also void and ineffectual to convey, bar or release the wife's inchoate interest in such real estate, in the event she survives her husband, or in the event that such real estate is sold and conveyed as the husband's property, under a judicial sale thereof, and his title thereto becomes absolute and vested in the purchaser thereof at such sale. But the question we are now considering can hardly be regarded now as an open question in this court. It is certain, we think, that the only title which defendants acquired in and to the city lot aforesaid, under and by virtue of the sheriff's sale and conveyance of such lot to them, was the title which plaintiff's husband, Elwood Hadley, had and held therein at and after the date of their judgment and decree against him, and long after the date of his deed of such lot to William B. Hadley. Defendants can not be heard to claim, therefore, that at the date of

their said judgment and decree, and at the date of the sheriff's sale thereunder and subsequent conveyance to them of such city lot, plaintiff's husband, Elwood Hadley, notwithstanding the previous execution as aforesaid of his deed of such lot to William B. Hadley, was not the owner in fee simple of the lot aforesaid, and continued to be such owner thereof until his title thereto, by virtue of such judicial sale of such city lot, became absolute and vested in defendants, as the purchasers thereof. When the legal title of plaintiff's husband in and to such real estate became absolute and vested as aforesaid in defendants, as the purchasers thereof, under and by force of the provisions of section 2508, *supra,* plaintiff's inchoate interest in such real estate at once became absolute and vested in her " in the same manner and to the same extent " as such inchoate interest would have become absolute and vested in plaintiff if her husband had then died.

In the same section of the statute it is further provided, that in such case the wife shall have the right to the immediate possession of her interest so vested in such real estate, and may have the same set off to her in partition with the purchasers of her husband's legal title. *Jackman* v. *Nowling,* 69 Ind. 188; *Ketchum* v. *Schicketanz,* 73 Ind. 137; *Lawson* v. *DeBolt,* 78 Ind. 563; *Hudson* v. *Evans,* 81 Ind. 596; *Keck* v. *Noble,* 86 Ind. 1; *Mattill* v. *Baas,* 89 Ind. 220; *Shelton* v. *Shelton,* 94 Ind. 113; *Elliott* v. *Cale, ante,* p. 383.

Our conclusion is, that the court below did not err in overruling defendants' demurrer to plaintiff's complaint herein.

In their answer herein defendants alleged that the deed of the city lot described in the complaint, which was set aside and declared void as to defendants (except defendant Rupe) in their suit against Elwood and William B. Hadley, was executed by said Elwood and his wife, Laura Hadley, plaintiff herein, for a valuable consideration paid by the grantee, William B. Hadley, to the grantors therein; that after the execution of such deed, and after the commencement of de-

fendants' said suit against Elwood and William B. Hadley, the latter sold the entire city lot aforesaid to one Charles E. Marlatt for the sum of $2,700, being the full value thereof, and William B. Hadley and Rebecca, his wife, conveyed such city lot by their warranty deed to said Marlatt, who at the time paid therefor the full value thereof as aforesaid, and went into the possession thereof under such deed, and when defendants obtained their said judgment and decree against Elwood and William B. Hadley, the said Marlatt held the title to, and full possession of, such city lot under his said deed; that said Marlatt was not a party to the fraud for which said deed from Elwood Hadley and his wife, plaintiff herein, to William B. Hadley was set aside as to defendants herein; nor was he a party to defendants' said suit, or to any suit or proceeding mentioned in plaintiff's complaint herein. Wherefore, etc.

The court below sustained plaintiff's demurrer to defendants' answer, and this ruling they have assigned here as error. We are of opinion that the facts stated by defendants in their answer, the substance of which we have given, were not sufficient to constitute a defence to plaintiff's complaint herein, and that her demurrer to such answer was correctly sustained. Of course, the averments of such answer, in determining the question of its sufficiency as a defence to this action, must be considered in connection with the uncontroverted facts stated by plaintiff in her complaint herein. These facts showed very clearly, as we have seen, that the deed to William B. Hadley of the city lot aforesaid had been set aside and declared void, at the suit of defendants herein, by the judgment and decree of a court of competent jurisdiction; that he, William B. Hadley, acquired no title whatever to such city lot, under or by virtue of his said deed; but that, by the procurement of the defendants herein, the city lot had been sold to them at a judicial sale thereof as the property of Elwood Hadley, the grantor of William B. Hadley in his said deed, and that the title of Elwood Hadley in and to such

city lot had .become absolute and vested in such defendants, as the purchasers thereof at such judicial sale. These facts being true, and they are not controverted in or by defendants' answer herein, it is very clear, we think, that Charles E. Marlatt acquired no title whatever in or to the city lot aforesaid by or under his deed thereof from William B. Hadley and his wife, as against either the defendants or the plaintiff herein. *Ketchum* v. *Schicketanz, supra; Mattill* v. *Baas, supra.*

The court did not err in sustaining the demurrer to defendants' answer herein.

We have found no error in the record of this cause which authorizes or requires the reversal of the judgment.

The judgment is affirmed, with costs.

Filed Feb. 29, 1888.